Michael P. West, Esq. (SBN 172478)
Ashley A. Escudero, Esq. (SBN 250473)
**CLARK HILL LLP**
600 West Broadway, Suite 500
San Diego, California 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460
mwest@clarkhill.com
aescudero@clarkhill.com

*Attorneys for Defendants,*
Welltower OpCo Group LLC and
Sunrise Senior Living Management, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| GILBERT GARCIA, by and through his Successor in Interest, Paul Garcia; PAUL GARCIA individually; RONALD GARCIA, individually; GARY GARCIA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>WELLTOWER OPCO GROUP LLC dba SUNRISE VILLA BRADFORD; SUNRISE SENIOR LIVING MANAGEMENT, INC.; and DOES 1 through 100,<br><br>Defendants. | Case No. 8:20-cv-02250 (KESx)<br><br>*Assigned to Hon. James V. Selna*<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO EXCEED PAGE LIMIT ON MOTION TO DISMISS** |

///

///

///

**MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO EXCEED PAGE LIMIT ON MOTION TO DISMISS**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California,, Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and WELLTOWER OPCO GROUP, LLC, (collectively, the "Defendants"), by counsel, respectfully submit this Memorandum in Support of their *Ex Parte* Application for leave to exceed the page limit set forth in Local Rule 11-6 and file a Memorandum of Points and Authorities In Support of Defendants' Motion to Dismiss that is a maximum of 30 pages.

## I.   INTRODUCTION

On October 26, 2020, Plaintiff Gilbert Garcia, by and through his Successor in Interest, Paul Garcia, Paul Garcia individually, Ronald Garcia individually, and Gary Garcia individually ("Plaintiffs"), filed their Complaint in the Superior Court of California, County of Orange.  Plaintiffs' Complaint asserts causes of action for alleged elder abuse and neglect, wrongful death, and intentional infliction of emotional distress resulting from alleged misconduct by a covered person in the administration of a covered countermeasure under the Public Readiness and emergency Preparedness Act ("PREP Act"), 42 U.S.C.A. §§ 247d-6d, 247d-6e. In the Complaint, Plaintiffs allege that Defendants engaged in negligent, willful and/or reckless conduct in the care rendered to the decedent in relation to exposure, diagnosis, and treatment of COVID-19 and in the distribution, administration, or use of medical countermeasures, like

COVID-19 testing and personal protective equipment, to prevent the spread of COVID-19 within the residential care facility for the elderly known as Sunrise Villa Bradford, where the decedent resided.

Defendant Sunrise Senior Living Management, Inc. was served with the Summons and Complaint on October 29, 2020.  Defendant Welltower Opco Group, LLC was served with the Summons and Complaint on October 30, 2020.  Pursuant to 28 U.S. Code § 1446(b)(2)(B)-(C), and based on the last date of service, the Defendants were permitted until November 30, 2020 to remove the Complaint to this Court. On November 27, 2020, Defendants jointly removed to this Court under 28 U.S. Code § 1446(b)(2). Pursuant to Fed. R. Civ. P. 81(c)(2)(C), Defendants Welltower OPCO Group, LLC and Sunrise Senior Living Management, Inc. must file a responsive pleading within seven days after the notice of removal is filed, which is this Friday, December 4, 2020.

As will be more fully discussed in Defendants' pending Motion to Dismiss, the Complaint allegations clearly and directly implicate the protections and immunities provided under the Public Readiness and Emergency Preparedness Act (PREP Act), a multi-part federal law intended to protect individuals and entities rendering services in response to the unpredictable and challenging circumstances posed by pandemics and other emergencies.  Pursuant to the enabling power of the PREP Act, the United States Secretary of Health and Human Services ("HHS") has issued a Declaration specifically applying the PREP Act to the COVID-19 pandemic and protecting "covered persons"

like the Defendants from any suit or liability caused by, arising out of, relating to, or resulting from their efforts to prevent, diagnose, or treat the spread of COVID-19.

It is imperative that the Court be permitted a full opportunity to consider the many facets of the PREP Act and the declarations, regulations, and executive orders and proclamations implicated thereby.  In light of the immunity from suit afforded by the PREP Act, it is also imperative that the Court fully consider and address the application of the PREP Act now – at the outset of litigation – so as to avoid both the Defendants and the Court incurring the expense and delay of discovery and trial in the midst of an on-going pandemic. Defendants respectfully request leave to exceed the page limit set forth in Local Rule 11-6, and to file a Memorandum of Points and Authorities in Support of their pending Motion to Dismiss that is no more than thirty (30) pages.  As further discussed below, Defendants will suffer significant prejudice if this request is not granted, while Plaintiffs will not suffer any prejudice due to the granting of this request.

## II. LEGAL STANDARD

"[A] district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891, 195 L. Ed. 2d 161 (2016) (internal quotation and citations omitted). Indeed, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Id.* at 1892-93 (citations omitted).

*Ex parte* relief is appropriate given the date by which Defendants must file their responsive pleading. A noticed Motion for Leave to Exceed the Page Limit would not be heard until after the December 4, 2020 date upon which the Defendants' responses to the Complaint are due. Counsel for Defendants notified counsel for Plaintiffs of Defendants' intent to seek an order, *ex parte*, from the Court for leave to exceed the maximum allowable page limits, and attempted to obtain Plaintiffs' consent to this relief. (Declaration of Michael P. West ("West Declaration"), ¶ 2) Counsel for Plaintiffs would not agree to stipulate to an extension of the page limit from 25 pages to 30 pages for the Motion to Dismiss. (West Decl., ¶ 3)

## III.   ARGUMENT

Plaintiffs' Complaint and Defendants' pending Motion to Dismiss require consideration of the PREP Act, 42 U.S.C.A. §§ 247d-6d, 247d-6e, and certain other federal and state declarations, proclamations, orders, laws, and regulations related thereto.  Specifically, the PREP Act is a federal law in which Congress determined that potential state tort liability must give way to the need to promptly and efficiently respond to a pandemic or other public emergency.  The PREP Act therefore completely preempts state law and provides potential claimants an exclusive federal remedy to be pursued against an emergency fund and, potentially, in a federal court in the District of Columbia. The PREP Act further provides that its application may be triggered by a declaration of the Secretary of HHS.

As it relates to the COVID-19 pandemic, the Secretary of HHS has issued such a

declaration and required the application of the PREP Act to claims like those pursued by Plaintiffs. This Court will therefore be required to consider whether the Defendants were "covered persons" engaged in "recommended activities" for "covered countermeasures" during the COVID-19 global pandemic and national emergency under the PREP Act. Addressing these issues requires a complete discussion and analysis of the PREP Act, as well as certain additional federal and state guidance, proclamations, regulations, and orders bearing on the Defendants' immunity from suit. These issues cannot be fully and adequately addressed within the page limits set forth in Local Rule 11-6.

The COVID-19 pandemic is an on-going national emergency less than a year old. It is therefore imperative that the parties be afforded a complete opportunity to discuss Plaintiffs' claims and the associated PREP Act immunities. The Court's ruling on Defendants' pending Motion to Dismiss may have far-reaching precedential impacts. The Court should therefore be permitted to review complete and thorough briefing when addressing this novel and potentially far-reaching issue.

The inability of the Defendants to provide a complete discussion of the PREP Act within their pending Motion to Dismiss will significantly prejudice Defendants. The Defendants assert that the PREP Act affords them immunity from suits like Plaintiffs'. The Court must resolve this immunity question "at the earliest stage of litigation to avoid the expenses and delays of unnecessary trials." *Dixon v. City of Long Beach*, 244 Fed.Appx. 128, 129 n. 1 (9th Cir. 2007). *See also Pearson v. Callahan*, 555 U.S. 223,

231 (2009) (noting that the "driving force" behind the creation of qualified immunity is to ensure the resolution of claims "prior to discovery"). To do otherwise will potentially prejudice Defendants by forcing them to engage in costly and time-consuming discovery and trial during an unrelenting pandemic and while they continue to take actions to prevent the spread of the virus. Indeed, if Defendants are not permitted a full opportunity to brief their Motion to Dismiss, and if the Court does not promptly and correctly consider the immunities afforded by the PREP Act, Defendants may be inundated by other spurious claims similar to Plaintiffs'. These lawsuits will further exhaust the resources of Defendants and this Court.

Finally, while Defendants will suffer significant prejudice if not provided a full opportunity to brief their Motion to Dismiss, Plaintiffs will suffer no prejudice if Defendants are permitted leave to exceed the page limitation set forth in Local Rule 11-6. Defendants would not oppose any request by Plaintiffs for a commensurate extension to the page limit on any opposition filed by Plaintiffs to Defendants' Motion. Further, Plaintiffs, like Defendants, will benefit from the Court's complete consideration of the PREP Act at this early stage. If, as Defendants allege, Plaintiffs' Complaint falls within the PREP Act, then the Plaintiffs should be promptly re-directed to the emergency fund established by the declaration of the Secretary of HHS and should not incur the time and expense of litigating in this improper forum.

///

///

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant Defendants leave to exceed the page limit set forth in Local Rule 11-6 and file a Memorandum of Points and Authorities that is a maximum of 30 pages.

Respectfully submitted this 1st day of December, 2020.

    Respectfully submitted,

**CLARK HILL LLP**

By: /s/Michael P. West

Michael P. West
Ashley A. Escudero
**CLARK HILL LLP**
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460
mwest@clarkhill.com
aescudero@clarkhill.com
*Attorneys for Defendants*
Welltower OpCo Group LLC and
Sunrise Senior Living Management, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2020, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

Dated: December 1, 2020

/s/ Michael P. West
Michael P. West
*Attorneys for Defendants,*
Welltower OpCo Group, LLC
and Sunrise Senior Living
Management, Inc.

*Attorney for Plaintiffs:*

Ayman R. Mourad, Esq.
Alexander N. Rynerson, Esq.
**LANZONE MORGAN LLC**
5001 Airport Plaza Dr., Suite 210
Long Beach, CA 90815
Tel: (562) 596-1700
Fax: (562) 596-0011
Email: eservice@lanzonemorgan.com
Email: arm@lanzonemorgan.com
Email: asr@lanzonemorgan.com