Michael P. West, Esq. (SBN 172478)
Ashley A. Escudero, Esq. (SBN 250473)
**CLARK HILL LLP**
600 West Broadway, Suite 500
San Diego, California 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460
mwest@clarkhill.com
aescudero@clarkhill.com

*Attorneys for Defendants,*
Welltower OpCo Group LLC,
Sunrise Senior Living Management, Inc.,
and Ruzica Calabrese

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| GILBERT GARCIA, by and through his Successor in Interest, Paul Garcia; PAUL GARCIA individually; RONALD GARCIA, individually; GARY GARCIA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> WELLTOWER OPCO GROUP LLC dba SUNRISE VILLA BRADFORD; SUNRISE SENIOR LIVING MANAGEMENT, INC.; RUZICA CALABRESE; and DOES 1 through 100, <br><br> Defendants. | Case No. 8:20-CV-02250-JVS (KESx) <br><br> **DEFENDANTS WELLTOWER OPCO GROUP LLC dba SUNRISE VILLA BRADFORD, SUNRISE SENIOR LIVING MANAGEMENT, INC., AND RUZICA CALABRESE'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES; AND COUNTERCLAIM BY WELLTOWER OPCO GROUP LLC dba SUNRISE SENIOR LIVING MANAGEMENT, INC.** <br><br> [Re:  Orange County Superior Court Case No.:   30-2020-01167237-CU-PO-CJC] <br> Complaint Filed:      October 26, 2020 |

1

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES
AND COUNTERCLAIM

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21

Responding Defendants WELLTOWER OPCO GROUP LLC dba SUNRISE VILLA BRADFORD, SUNRISE SENIOR LIVING MANAGEMENT, INC. and RUZICA CALABRESE (hereafter "Responding Defendants"), hereby answer the First Amended Complaint for Damages ("FAC") filed by plaintiff GILBERT GARCIA by and through his Successor in Interest, Paul Garcia, PAUL GARCIA, individually, RONALD GARCIA, individually, and GARY GARCIA, individually, as follows[1]:

1.    Responding Defendants admit that Gilbert Garcia was over the age of 65 while residing at Sunrise Villa Bradford, which is located in Orange County, California, as alleged in paragraph 1 of the FAC.  The remaining allegations contained in paragraph 1 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

2.    Responding Defendants admit that Gilbert Garcia passed away on July 3, 2020 as alleged in paragraph 2 of the FAC.  The remaining allegations contained in paragraph 2 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

3.    Responding Defendants do not have sufficient information to either admit or deny the allegations contained in paragraph 3 of the FAC and therefore deny same.

4.    Responding Defendants admit that they are co-licensees of Sunrise Villa Bradford, located at 1180 North Bradford Avenue, Placentia, California 92870, as licensed through the California Department of Social Services as a Residential Care Facility for the Elderly and admit that, as such, they were subject to the legal duties and responsibilities that flow from this license during the residency of Gilbert Garcia as alleged in paragraph 4 of the FAC.  The remaining allegations contained in paragraph

---

[1] By filing this Answer, Defendants do not waive any defenses, including jurisdictional defenses, asserted in their Motion to Dismiss Plaintiffs' First Amended Complaint.

2

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

4 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

5.   Responding Defendants admit that Ruzica Calabrese is a licensed Administrator and the Executive Director of Sunrise Villa Bradford as alleged in paragraph 5 of the FAC.  The remaining allegations contained in paragraph 5 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

6.   Responding Defendants deny that Sunrise Senior Living Management, Inc. owned the building at Sunrise Villa Bradford as alleged in paragraph 6 of the FAC. Responding Defendants admit that Sunrise Senior Living Management, Inc. is a co-licensee of Sunrise Villa Bradford as licensed through the California Department of Social Services as a Residential Care Facility for the Elderly and admit that, as such, it was subject to the legal duties and responsibilities that flow from this license during the residency of Gilbert Garcia.  The remaining allegations contained in paragraph 6 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

7.   Responding Defendants do not have sufficient information to either admit or deny the allegations contained in paragraph 7 of the FAC and therefore deny same.

8.   Responding Defendants do not have sufficient information to either admit or deny the allegations contained in paragraph 8 of the FAC and therefore deny same.

9.   Responding Defendants do not have sufficient information to either admit or deny the allegations contained in paragraph 9 of the FAC and therefore deny same.

10. Responding Defendants deny the allegations set forth in paragraph 10 of the FAC.

3

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

11. Responding Defendants deny the allegations set forth in paragraph 11 of the FAC.

12. Responding Defendants admit that they were the co-licensees of Sunrise Villa Bradford as licensed through the California Department of Social Services as a Residential Care Facility for the Elderly and admit that, as such, they were subject to the legal duties and responsibilities that flow from this license during the residency of Gilbert Garcia as alleged in paragraph 12 of the FAC.  The remaining allegations contained in paragraph 12 of the FAC state a legal conclusion to which no response is required.   To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

13. Responding Defendants deny the allegations in paragraph 13 of the FAC.

14. Responding Defendants admit that Ruzica Calabrese is a licensed Administrator and the Executive Director of Sunrise Villa Bradford as alleged in paragraph 14 of the FAC.  The remaining allegations contained in paragraph 14 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

15. The allegations contained in paragraph 15 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

16. Responding Defendants admit they are co-licensees of Sunrise Villa Bradford as licensed through the California Department of Social Services as a Residential Care Facility for the Elderly and admit that, as such, they carried out practices consistent with the legal duties and responsibilities that flow from this license during the residency of Gilbert Garcia in response to the allegations of paragraph 16 of the FAC.  Responding Defendants deny the remaining allegations of paragraph 16 to the extent they are inconsistent with the legal duties and responsibilities of the subject license. Regarding

4

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES
AND COUNTERCLAIM

the allegations in paragraph 16 pertaining to certain website content, Responding Defendants respond that the website content speaks for itself, and Defendants deny any allegations inconsistent with that content.  Defendants deny any remaining allegations in Paragraph 16.

17. Responding Defendants admit they are co-licensees of Sunrise Villa Bradford as licensed through the California Department of Social Services as a Residential Care Facility for the Elderly and admit that, as such, they carried out practices consistent with the legal duties and responsibilities that flow from this license during the residency of Gilbert Garcia in response to the allegations of paragraph 17 of the FAC.  Responding Defendants deny the remaining allegations of paragraph 17 to the extent they are inconsistent with the legal duties and responsibilities of the subject license.

18.  Responding Defendants deny the allegations in paragraph 18 of the FAC.

19. Responding Defendants deny the allegations in paragraph 19 of the FAC.

20. Responding Defendants deny the allegations in paragraph 20 of the FAC.

21. Responding Defendants admit that Ruzica Calabrese is a licensed Administrator and the Executive Director of Sunrise Villa Bradford.  Responding Defendants further admit that Ruzica Calabrese and other authorized representatives signed certain letters and other documents which speak for themselves, and Responding Defendants deny any allegations in Paragraph 21 that are inconsistent with those documents.   Responding Defendants further deny any remaining allegations of paragraph 21 to the extent they are inconsistent with the legal duties and responsibilities of the subject license.  The remaining allegations contained in paragraph 21 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations.

**FIRST CAUSE OF ACTION (ELDER ABUSE AND NEGLECT)**

22. The responses to the allegations set forth in paragraphs 1 through 21 of the FAC are incorporated as if fully restated herein.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21

23. Upon information and belief, Responding Defendants admit Gilbert Garcia's date of birth, approximate age, and residency at Sunrise Villa Bradford located in Orange County, California as alleged in paragraph 23 of the FAC.  The remaining allegations contained in paragraph 23 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

24. Responding Defendants admit Gilbert Garcia's approximate date of moving into Sunrise Villa Bradford as alleged in paragraph 24 of the FAC.  Responding Defendants further admit that they were co-licensees of Sunrise Villa Bradford during Gilbert Garcia's residency and, as such, were responsible for his care consistent with the legal duties and responsibilities that flow from this license.  Responding Defendants deny the remaining allegations of paragraph 24 to the extent they are inconsistent with the legal duties and responsibilities of the subject license.

25. Responding Defendants admit that they were co-licensees of Sunrise Villa Bradford during Gilbert Garcia's residency and, as such, were responsible for his care consistent with the legal duties and responsibilities that flow from this license as alleged in paragraph 25 of the FAC.  Responding Defendants deny the remaining allegations of paragraph 25.

26. Responding Defendants admit that Gilbert Garcia was a resident at Sunrise Villa Bradford during the world pandemic due to the spread of COVID-19 as alleged in paragraph 26 of the FAC.  Further, Responding Defendants admit that the Centers for Disease Control and Prevention (CDC) states that the elderly are more vulnerable to the effects of COVID-19 than other segments of the general population regardless of their living situation, , as alleged in paragraph 26.  Responding Defendants also admit Gilbert Garcia's approximate age and portions of his medical history as alleged in paragraph 26.  Additionally, Responding Defendants admit that Gilbert Garcia had a history of heart attacks, strokes, glaucoma, and hypertension.  Finally, Responding Defendants

6

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

admit that Gilbert Garcia moved into Sunrise Villa Bradford in part due to his need for assistance with some Activities of Daily Living as alleged in paragraph 26. Responding Defendants deny any remaining allegations in Paragraph 26.

27. Responding Defendants admit that the California Department of Public Health has issued guidance to healthcare facilities regarding the handling of COVID-19 as alleged in paragraph 27 of the FAC, and that the content of said documents speak for themselves. Responding Defendants deny any allegations in Paragraph 27 which are inconsistent with the wording of this correspondence. Responding Defendants do not have sufficient information to either admit or deny the remaining allegations contained in paragraph 27 of the FAC and therefore deny same.

28. Responding Defendants admit that CDC has said that elderly residents in the same age group as Gilbert Garcia are generally more at risk for COVID-19. Responding Defendants do not have sufficient information to either admit or deny the remaining allegations contained in paragraph 28 of the FAC and therefore deny same.

29. Responding Defendants deny that their staff, agents, and/or employees "denied or withheld necessary services" to Gilbert Garcia during his residency at Sunrise Villa Bradford as alleged in paragraph 29 of the FAC. Further, Responding Defendants deny the remaining allegations of paragraph 29 of the FAC.

30. Responding Defendants admit Gilbert Garcia contracted COVID-19. Responding Defendants deny the remaining allegations as alleged in paragraph 30 of the FAC.

31. Responding Defendants deny the allegations in paragraph 31 of the FAC.

32. Responding Defendants admit that Gilbert Garcia ate meals in the dining room at Sunrise Villa Bradford and had outings with his family outside of the community as alleged in paragraph 32 of the FAC. Responding Defendants further state that there is documentation confirming that Gilbert Garcia was ambulatory, active, and alert for his age during his residency at Sunrise Villa Bradford. Finally, Responding

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21

Defendants state that there is documentation evidencing Gilbert Garcia's general independence with Activities of Daily Living during his residency at Sunrise Villa Bradford.  Responding Defendants deny the remaining allegations of paragraph 32 of the FAC.

33. Responding Defendants admit that Governor Newsome declared a state of emergency for California due to COVID-19 on March 4, 2020 as alleged in paragraph 33 of the FAC.  Responding Defendants further admit to Sunrise Villa Bradford sending the referenced letter on March 11, 2020 and to the content of said letter, while denying the allegations of this paragraph to the extent they are inconsistent with the wording of this correspondence.  Responding Defendants deny the remaining allegations in paragraph 33 of the FAC.

34. Responding Defendants admit to Sunrise Villa Bradford sending the referenced letter on March 17, 2020 and to the content of said letter as alleged in paragraph 34 of the FAC, while denying the allegations of this paragraph to the extent they are inconsistent with the wording of this correspondence.  Responding Defendants deny the remaining allegations of paragraph 34 of the FAC.

35. Responding Defendants admit that the referenced letters in Paragraph 35 were sent and speak for themselves, while denying any allegations inconsistent with the wording of these documents.  Responding Defendants deny any remaining allegations of paragraph 35 of the FAC.

36. Responding Defendants admit that Gilbert Garcia's blood pressure was checked and reported to his physician as alleged in paragraph 36 of the FAC. Responding Defendants do not have sufficient information to either admit or deny the remaining allegations contained in paragraph 36 of the FAC and therefore deny same. Responding Defendants deny any remaining allegations of paragraph 36 of the FAC.

37. Responding Defendants admit a letter was signed by Ruzica Calabrese on May 31, 2020 and to the content of said letter as alleged in paragraph 37 of the FAC,

8

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

while denying the allegations of this paragraph to the extent they are inconsistent with the wording of this correspondence. Responding Defendants deny the remaining allegations of paragraph 37 of the FAC.

38. Responding Defendants admit that a staff member at Sunrise Villa Bradford tested positive for COVID-19 on approximately June 12, 2020 as alleged in paragraph 38 of the FAC. Responding Defendants also admit that a third-party barber was permitted into the community to cut Gilbert Garcia's hair in June 2020 in accordance with protocols in place on that date and as permitted by state regulations. Responding Defendants deny the remaining allegations of paragraph 38 of the FAC.

39. Responding Defendants admit that Gilbert Garcia had a "watery stool x2" as recorded at Sunrise Villa Bradford on June 16, 2020. Responding Defendants do not have sufficient information to either admit or deny the remaining allegations contained in paragraph 39 of the FAC and therefore deny same.

40. Responding Defendants admit to Sunrise Villa Bradford sending the referenced letter on June 17, 2020 and to the content of said letter as alleged in paragraph 40 of the FAC, while denying the allegations of this paragraph to the extent they are inconsistent with the wording of this correspondence. Responding Defendants also admit that Gilbert Garcia exhibited chills in addition to other symptoms on June 17, 2020, for which his son transported Mr. Garcia to Urgent Care. Responding Defendants do not have sufficient information to either admit or deny the remaining allegations contained in paragraph 40 of the FAC and therefore deny same.

41. Responding Defendants admit that Gilbert Garcia was examined at Urgent Care on June 17, 2020 and then returned to Sunrise Villa Bradford the same evening as alleged in paragraph 41 of the FAC. Responding Defendants do not have sufficient information to either admit or deny the remaining allegations contained in paragraph 41 of the FAC and therefore deny same.

42. Responding Defendants deny the allegations in paragraph 42 of the FAC.

9

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21

43. Responding Defendants admit that Gilbert Garcia had confusion in addition to other symptoms on June 18, 2020 and that Mr. Garcia was transported to the hospital via ambulance as alleged in paragraph 43 of the FAC.  Responding Defendants do not have sufficient information to either admit or deny the remaining allegations contained in paragraph 43 of the FAC and therefore deny same.

44. Responding Defendants admit that Sunrise of Villa Bradford was informed of Gilbert Garcia's positive test for COVID-19 on approximately June 19, 2020 as alleged in paragraph 44 of the FAC.  Responding Defendants further admit that Sunrise of Villa Bradford sent a letter on June 22, 2020 advising that two residents and two staff members tested positive for COVID-19. Responding Defendants deny any remaining allegations in Paragraph 44.

45. Responding Parties admit a letter being signed by Jennifer Salamino and Jeff Slichta on June 25, 2020 and to the content of said letter as alleged in paragraph 45 of the FAC, while denying the allegations of this paragraph to the extent they are inconsistent with the wording of this correspondence.  Responding Defendants further admit a letter was sent out by Sunrise Villa Bradford on June 25, 2020 and to the content of said letter as alleged in paragraph 45 of the FAC, while denying the allegations of this paragraph to the extent they are inconsistent with the wording of this correspondence.  Responding Defendants deny the remaining allegations of paragraph 45 of the FAC.

46. Responding Defendants admit that the California Department of Public Health issued an All Facilities Letter on June 26, 2020 and to the content of said document as alleged in paragraph 46 of the FAC, while denying the allegations of this paragraph to the extent they are inconsistent with the wording of this correspondence. Responding Defendants deny the remaining allegations of paragraph 46 of the FAC.

47. Responding Defendants do not have sufficient information to either admit or deny the allegations contained in paragraph 47 of the FAC and therefore deny same.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21

48. Responding Defendants admit that Gilbert Garcia passed away on July 3, 2020 at the age of 89 as referenced in paragraph 48 of the FAC.  Responding Defendants do not have sufficient information to either admit or deny the allegations contained in paragraph 48 of the FAC relating to the alleged conduct and beliefs of plaintiffs, and therefore deny same.   Responding Defendants deny the remaining allegations of paragraph 48 of the FAC.

49. Responding Defendants deny the allegations in paragraph 49 of the FAC.

50. Responding Defendants deny the allegations in paragraph 50 of the FAC.

51. Responding Defendants deny the allegations in paragraph 51 of the FAC.

52. Responding Defendants deny the allegations in paragraph 52 of the FAC.

53. The allegations contained in paragraph 53 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

54. The allegations contained in paragraph 54 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

55. The allegations contained in paragraph 55 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

56. The allegations contained in paragraph 56 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

57. The allegations contained in paragraph 57 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

58. Responding Defendants deny the allegations in paragraph 58 of the FAC.

59. Responding Defendants deny the allegations in paragraph 59 of the FAC.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21

60. Responding Defendants deny the allegations in paragraph 60 of the FAC.

61. Responding Defendants deny the allegations in paragraph 61 of the FAC.

62. Responding Defendants deny the allegations in paragraph 62 of the FAC.

63. Responding Defendants deny the allegations in paragraph 63 of the FAC.

64. Responding Defendants deny the allegations in paragraph 64 of the FAC.

65. Responding Defendants deny the allegations in paragraph 65 of the FAC.

66. Responding Defendants deny the allegations in paragraph 66 of the FAC.

## SECOND CAUSE OF ACTION (WRONGFUL DEATH)

67. The responses to the allegations set forth in paragraphs 1 through 66 of the FAC are incorporated as if fully restated herein.

68. Responding Defendants admit that Gilbert Garcia passed away on July 3, 2020 as alleged in paragraph 68 of the FAC.  Responding Defendants deny the remaining allegations in paragraph 68 the FAC.

69. The allegations contained in paragraph 69 of the FAC state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.

70. The allegations contained in paragraph 70 of the FAC, in part, state a legal conclusion to which no response is required.  To the extent a response is required, Responding Defendants deny the allegations to the extent they are inconsistent with applicable law.  Responding Defendants deny the remaining allegations in paragraph 70 of the FAC.

71. Responding Defendants deny the allegations in paragraph 71 of the FAC.

72. Responding Defendants deny the allegations in paragraph 72 of the FAC.

73. Responding Defendants deny the allegations in paragraph 73 of the FAC.

74. Responding Defendants do not have sufficient information to either admit or deny the allegations contained in paragraph 74 of the FAC and therefore deny same.

75. Responding Defendants deny the allegations in paragraph 75 of the FAC.

12

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

76. Responding Defendants deny the allegations in paragraph 76 of the FAC.

## THIRD CAUSE OF ACTION (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

77. The responses to the allegations set forth in paragraphs 1 through 76 of the FAC are incorporated as if fully restated herein.

78. Responding Defendants admit that staff members at Sunrise Villa Bradford tested positive for COVID-19 during Gilbert Garcia's residency at this community as alleged in paragraph 78 of the FAC. Responding Defendants further admit that Gilbert Garcia exhibited symptoms of chills, fever and loss of appetite during his residency at Sunrise Villa Bradford. Responding Defendants deny the remaining allegations in paragraph 78 of the FAC.

79. Responding Defendants deny the allegations in paragraph 79 of the FAC.

80. Responding Defendants deny the allegations in paragraph 80 of the FAC.

81. Responding Defendants deny the allegations in paragraph 81 of the FAC.

82. Responding Defendants deny the allegations in paragraph 82 of the FAC.

83. Responding Defendants deny the allegations in paragraph 83 of the FAC.

## DEFENSES

Responding Defendants hereby give notice that they may rely on the following defenses in opposing the FAC. Responding Defendants do not hereby assume any burden of proof that would otherwise rest on Plaintiffs. Responding Defendants, by listing such defenses, also do not concede, explicitly or implicitly, that any or all of the listed defenses are affirmative defenses under any applicable law. Responding Defendants, by listing their defenses (here or elsewhere in the Answer), also do not limit their ability to present any defense that they do not need to identify by Answer or otherwise.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint against Responding Defendants and each cause of action

13

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

therein is completely preempted by the Public Readiness and Emergency Preparedness Act 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020) ("PREP Act").

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims lack subject matter jurisdiction in this Court.

## THIRD AFFIRMATIVE DEFENSE

Responding Defendants and/or their employees and agents are immune from liability for the allegations in Plaintiffs' Complaint pursuant to the provisions of the PREP Act.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exhaust their administrative remedies prior to filing suit, including, without limitation, the administrative remedies set forth in and required by the PREP Act.

## FIFTH AFFIRMATIVE DEFENSE

The exclusive jurisdiction for Plaintiffs' claims of willful misconduct is in the United States District Court for the District of Columbia, as provided in the PREP Act.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to plead with particularity each element of their willful misconduct claims as required by the PREP Act.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to comply with the Verification and Materials requirements of the PREP Act in pleading claims of willful misconduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Responding Defendants and fails to state a claim upon which relief may be granted.

## NINTH AFFIRMATIVE DEFENSE

Responding Defendants did not cause or contribute to plaintiff's death.

14

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

1

### TENTH AFFIRMATIVE DEFENSE

Any injuries, losses or damages purportedly sustained, if at all, by plaintiffs, were directly and legally caused by the negligence of plaintiffs, and any damages awarded plaintiffs (which should be governed by the PREP Act) shall be reduced in proportion to the amount of negligence attributable to plaintiffs, and subject to other damages limitations imposed by the PREP Act.

### ELEVENTH AFFIRMATIVE DEFENSE

The liability of the persons ultimately determined to be responsible for the alleged injuries and losses suffered by plaintiffs, if any, shall be compared, and the damages, if any, awarded to plaintiffs, shall be apportioned accordingly.

### TWELFTH AFFIRMATIVE DEFENSE

All treatment, care, and services rendered to plaintiff by or on behalf of Responding Defendants was provided with the express and implied consent of plaintiff and/or plaintiff's agents, plaintiff's legal representatives, and plaintiff's family members.

### THIRTEENTH AFFIRMATIVE DEFENSE

At the times and places referred to in the FAC, and before such event, plaintiffs and/or plaintiffs' agents, legal representatives, and family members knew, appreciated and understood each and every risk involved in placing any plaintiff in the position that plaintiff assumed, and plaintiffs and/or plaintiffs' agents, legal representatives and family members willingly, knowingly and voluntarily assumed each such risk and the potential consequence to any plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent not preempted by the PREP Act, Plaintiffs' FAC is also barred by the applicable provisions of the California Code of Civil Procedure, including, but not limited to, California *Code of Civil Procedure* §§ 335.1, 337, 338, 340(a), and 340.5.

/ / /

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21

## FIFTEENTH AFFIRMATIVE DEFENSE

The damages sustained by plaintiffs, if any, were proximately caused by the acts, omissions, negligence, fraud and/or breach of obligations by individuals and/or entities other than Responding Defendants and at the time those acts and/or omissions occurred, those individuals and/or entities were beyond the supervision and control of Responding Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

The incidents described in plaintiffs' FAC, as well as the injuries, losses and damages allegedly sustained by plaintiff, were proximately caused by intervening and superseding causes and forces which were beyond the control of Responding Defendants and which, in the exercise of reasonable prudence, were not and could not be anticipated or foreseen by Responding Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are barred or limited by the PREP Act and/or provisions of California Civil Code §1431.2, et seq.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any disputes between plaintiffs and Responding Defendants concerning the incidents alleged in plaintiffs' FAC may be subject to binding arbitration.

## NINETEENTH AFFIRMATIVE DEFENSE

The damages sustained by plaintiffs, if any, were the result of an unavoidable accident insofar as Responding Defendants are concerned, and occurred without any negligence, willful acts, want of care, recklessness, or other breach of duty to plaintiffs on the part of Responding Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

Any recovery by plaintiffs under the FAC, and/or any cause of action therein, are controlled by the PREP Act and/or provisions of California Code of Civil Procedure §667.7.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any recovery by plaintiffs for non-economic damages from Responding Defendants, if plaintiffs have any damages at all, is limited to those specified in the PREP Act, and/or $250,000 if governed by the provisions of California Civil Code §3333.2.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

All care and services rendered to Gilbert Garcia by or on behalf of Responding Defendants were provided in a competent manner and met the standard of care for a residential care facility for the elderly.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' FAC is barred by the provisions of California Civil Code §1714.8, because the damages and losses incurred by plaintiffs were the results of and/or caused by the natural course of any plaintiffs' condition, and/or were the natural or expected results of reasonable care and treatment rendered to any plaintiff for his condition.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to the provisions of California Civil Code §3333.1, any recovery which plaintiffs seeks from Responding Defendants for damages and injuries caused by the incidents which are the subject of the FAC may be challenged by the introduction of evidence of reimbursement from specified collateral sources.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate the damages, if any, that any plaintiff sustained in the events alleged in the FAC and failed to exercise reasonable care to avoid the consequences of harm, if any, in that, among other things, plaintiffs failed to use reasonable diligence in caring for any of plaintiff's injuries, failed to use reasonable means to prevent the aggravation of those injuries, failed to take reasonable precautions to reduce the severity of those injuries, and failed to apply to the Covered Countermeasures Process Fund or any other fund available to the Plaintiffs under the

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21

PREP Act.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any injuries, losses, or damages purportedly sustained, if any, by plaintiffs, were caused by persons or entities other than Responding Defendants and at all times, those persons or entities who caused plaintiff any injuries, losses, or damages acted without the consent, authorization, knowledge and/or ratification of Responding Defendants with regard to the acts as alleged in the FAC.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' FAC fails to state sufficient facts to support a cause of action for statutory elder abuse against Responding Defendants because no employee of Responding Defendants engaged in conduct directed towards plaintiff that was reckless, malicious, oppressive, or fraudulent.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' FAC fails to state sufficient facts to support a cause of action for statutory elder abuse against Responding Defendants because any purported misconduct of any type on the part of any of Responding Defendants' agents, representatives, and/or employees was committed outside of the course and scope of authority of any relationship with Responding Defendants and/or was not authorized or ratified by Responding Defendants.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' FAC, and each cause of action therein, fails to state facts sufficient to warrant the recovery of attorneys' fees against Responding Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

Responding Defendants deny that any of their respective employees engaged in conduct directed towards plaintiff that constituted elder abuse or neglect as defined by California *Welfare & Institutions Code* § 15610 et seq.

///

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES
AND COUNTERCLAIM

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21

### THIRTY-FIRST AFFIRMATIVE DEFENSE

If plaintiffs sustained any damage as alleged in the FAC, that damage was legally caused and contributed to by persons, entities or parties other than Responding Defendants in failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' FAC fails to state facts sufficient to warrant the recovery of any punitive damages from Responding Defendants, and an award of punitive damages would constitute a denial of each of Responding Defendants' rights to due process and equal protection under the law in violation of the First and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 7, of the Constitution of the State of California.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim for intentional infliction of emotional distress fails to state a cause of action since the alleged conduct of Responding Defendants and its agents, staff, and employees was not extreme, outrageous and/or beyond the bounds of that tolerated in a decent society.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Responding Defendants complied with state and federal COVID-19 Emergency Orders pertaining to residential care facilities for the elderly.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Responding Defendants reserve the right to assert additional affirmative defenses if they become aware of the existence of such defenses during the course of discovery and reserve the right to amend this Answer in order to assert such defenses at any time.

WHEREFORE, Responding Defendants WELLTOWER OPCO GROUP LLC dba SUNRISE VILLA BRADFORD and SUNRISE SENIOR LIVING MANAGEMENT, INC. respectfully pray for judgment against Plaintiffs as follows:

19

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

1.  Dismissal of Responding Defendants from this action;

2.  That Responding Defendants be awarded costs and attorneys' fees; and

3.  For all other relief that this Court deems just and proper.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES
AND COUNTERCLAIM

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21

**COUNTERCLAIM BY WELLTOWER OPCO GROUP, LLC d/b/a SUNRISE VILLA BRADFORD, AND SUNRISE SENIOR LIVING MANAGEMENT, INC.**

Pursuant to Federal Rules of Civil Procedure 13 and 57, and 28 U.S. Code § 1331, Defendants / Counter-Claimants WELLTOWER OPCO GROUP, LLC d/b/a SUNRISE VILLA BRADFORD, AND SUNRISE SENIOR LIVING MANAGEMENT, INC., respectfully and by counsel, submit this Counterclaim against Plaintiffs / Counter-Defendants GILBERT GARCIA, by and through his Successor in Interest, Paul Garcia, PAUL GARCIA, individually, RONALD GARCIA, individually, and GARY GARCIA, individually (collectively, the "Plaintiffs").

**<u>Parties, Jurisdiction, and Venue</u>**

1.    Welltower Opco Group, LLC is a limited liability company formed under the laws of the State of Delaware with its principal place of business located in Toledo, Ohio. The sole member of Welltower Opco Group, LLC is Welltower TRS HoldCo., LLC, which is a limited liability company formed under the laws of the State of Delaware with its principal place of business located in Toledo, Ohio.  The sole member of Welltower TRS HoldCo., LLC is Welltower, Inc. which is a corporation formed under the laws of the State of Delaware with its principal place of business located in Toledo, Ohio.

2.    Sunrise Senior Living Management, Inc. is a Virginia corporation with its principal place of business in McLean, Virginia.

3.    Upon information and belief, Paul Garcia is the adult surviving son and Successor in Interest of Gilbert Garcia within the meaning of § 377.11 of the California Code of Civil Procedure and § 15657.3 of the Welfare and Institutions Code.  Gilbert Garcia was a resident of state of California and passed away in California on July 3, 2020.

/ / /

21

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

4.   Upon information and belief, Paul Garcia, Ronald Garcia, and Gary Garcia are all the adult surviving sons of Gilbert Garcia and are all residents of the state of California.

5.   Subject to and without waiving Defendants' objections to this Court's jurisdiction over Plaintiff's Complaint for Damages, jurisdiction exists over this Counterclaim pursuant to 28 U.S. Code § 1332(a)(1), in that the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. Additionally, jurisdiction exists over this Counterclaim pursuant to 28 U.S. Code § 1331, in that a justiciable controversy exists regarding the immunities and other requirements of the federal Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C.A. §§ 247d-6d(d), 247d-6e.

6.   Subject to and without waiving Defendants' objections to the jurisdiction and venue of Plaintiff's Complaint for Damages (including but not limited to objections to jurisdiction over Plaintiffs' allegations of willful misconduct, which must be pursued first administratively, and then in the United States District Court for the District of Columbia), venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this District.

7.   Indeed, the PREP Act is a "complete preemption" statute because it establishes both a federal and administrative cause of action as the only viable claim and vests exclusive jurisdiction in federal court, as confirmed in the January 8, 2021 Health and Human Services Advisory Opinion and the Secretary of Health and Human Services' Fourth Amendment to his Declaration under PREP.   Additionally, the Fourth Amendment confirmed federal jurisdiction for these types of claims under the doctrine established by the Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005).

/ / /

22

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES
AND COUNTERCLAIM

**Background**

8.   From early August 2017 until June 2020, Gilbert Garcia ("Mr. Garcia") was a resident of Sunrise Villa at Bradford ("Sunrise Villa").  Sunrise Villa is a residential care facility for the elderly licensed under California law, and located in Placentia, California.

9.   Plaintiffs have alleged that Defendants operated, managed, and controlled Sunrise Villa.

10.  In the spring of 2020, the COVID-19 pandemic impacted the state of California resulting in the declaration of a state of emergency by the Governor.  California remains in a state of emergency as of the filing of this Counterclaim.

11.  In response to the COVID-19 pandemic, and in accordance with state and federal directions and guidance, Sunrise Villa supervised and administered an infection control program, which included, *inter alia*, symptom screening and testing for all residents and staff, COVID-19 diagnostic testing, the use of personal protective equipment (PPE), sanitization and disinfecting procedures, limiting visitation, and isolating residents when possible.

12.  These infection control protocols and measures were discussed in the correspondence now referenced in Plaintiffs' below-discussed Complaint.  Among other actions taken by Defendants, Sunrise Villa:

a) Performed daily temperature checks and symptom screening of staff, essential visitors, and residents (Exhibits 1 (March 11, 2020 Letter), 2 (March 17, 2020 Letter), and 5 (May 31, 2020 Letter));

b) Prohibited non-essential visitation and implemented social distancing (*E.g.*, Exhibit 2);

c) Implemented disinfecting, sanitization and hand washing procedures (*E.g.*, *id.*);

d) Confined residents to their rooms where possible (Exhibit 4 (May 15, 2020 Letter));

e) Tested new residents for COVID-19 before move-in (*Id.*);

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21

f) Caused staff and, to the extent tolerated, residents to wear masks at all times (Exhibits 4, 6 (June 17, 2020 Letter)); and

g) Served as a facility at which COVID-19 testing was administered, including on June 16, 2020 for residents of Sunrise Villa's memory care unit, and again on June 18, 2020 for all residents and staff (Ex. 6).

13. Defendants diligently pursued these protocols and measures despite a nationwide shortage in PPE and available COVID-19 tests. *See* Exhibits 3 (May 12, 2020 Message) and 5 (May 31, 2020 Letter).

14. This infection control program administered by Sunrise Villa constituted engagement in "recommended activities" for "covered countermeasures" during the COVID-19 global pandemic and national health emergency, as such terms are defined in the PREP Act.  In addition, Plaintiffs have alleged facts establishing that Defendants are "covered persons" within the meaning of the PREP Act.

15. The PREP Act provides immunity to "covered persons" engaged in "recommended activities" for "covered countermeasures" during the COVID-19 global pandemic and national health emergency.

16. Despite the reasonable and appropriate infection control program implemented, supervised, and administered at Sunrise Villa, upon information and belief, Mr. Garcia was diagnosed with COVID-19 on June 20, 2020 following a test administered on June 17, 2020.  Upon information and belief, Mr. Garcia died of complications from COVID-19 on July 3, 2020.

17. Mr. Garcia's sons initiated the present litigation by the filing of a Complaint for Damages against the Defendants in the Superior Court of the State of California for the County of Orange on October 27, 2020.  In that Complaint for Damages, Plaintiffs assert claims against Defendants for elder abuse and neglect, wrongful death, and intentional infliction of emotional distress.

/ / /

24

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

18. Each of the claims asserted in Plaintiffs' Complaint for Damages arise out of, relate to, or result from Sunrise Villa's administration of covered countermeasures, including Sunrise Villa's infection control program, as stated above.  Defendants are therefore immune from Plaintiffs' suit pursuant to the PREP Act.

19. Further, Plaintiffs' allegations of willful misconduct throughout the Complaint must be litigated in the United States District Court for the District of Columbia, to the extent Plaintiffs seek an exception to immunity.  The Fourth Amendment to the Declaration clarifies, among other things, that "the sole exception to the immunity from suit and liability of covered persons is an exclusive Federal cause of action against a Covered Person for death or serious physical injury proximately caused by willful misconduct by such Covered Person."
Plaintiffs' First Amended Complaint fails to satisfy the statutory conditions precedent, heightened pleading requirements, or special filing requirements for bringing a willful misconduct claim against Covered Persons.

20. Defendants removed Plaintiffs' Complaint to this Court on November 27, 2020 pursuant to 28 U.S.C.A. § 1441(a), and (b) and 28 U.S.C.A. § 1332 (a).

21. All conditions precedent to bringing this action, if any, have been satisfied and/or waived.

## COUNT I

### (Declaratory Judgment)

1.   Defendants incorporate the allegations set forth above by reference.

2.   Plaintiffs are currently pursuing a lawsuit against Defendants in this Court which arises out of, relates to, or results from Defendants having engaged in "recommended activities" for "covered countermeasures" during the COVID-19 global pandemic and national health emergency.  Plaintiffs have also alleged facts establishing that Defendants are "covered persons."

/ / /

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES
AND COUNTERCLAIM

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21

3.   Based on the foregoing, an actual and justiciable controversy between Plaintiffs and Defendants has arisen and now exists – whether Defendants are afforded immunity from Plaintiffs' lawsuit pursuant to the PREP Act, and whether Plaintiffs' allegations of willful misconduct must be pursued first administratively, and then in the United States District Court for the District of Columbia. The speedy resolution of this controversy will save the parties and the Court tremendous expense, and will preserve resources.

WHEREFORE, Defendants respectfully request a judicial declaration that:

a.  Defendants were engaged in the administration and/or use of covered countermeasures, including, without limitation, the administration and/or use of an infection control program, PPE such as masks, gloves, and gowns, symptom screening and testing, COVID-19 diagnostic testing, as well as sanitization and disinfecting procedures;

b.  Defendants are immune from Plaintiffs' lawsuit and claims pursuant to the PREP Act;

c.  To the extent Plaintiffs purport to make a willful misconduct claim, Plaintiffs have failed to exhaust administrative remedies set forth in the PREP Act; and

d.  Plaintiffs' Complaint must be dismissed with prejudice.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

26

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

Defendants further respectfully request a speedy hearing pursuant to Fed. R. Civ. P. 57 on this declaratory judgment action, that judgment be entered in Defendants' favor and against the Plaintiffs, and that Defendants be awarded their fees, expenses, and costs, and such other relief as the Court deems proper.

Respectfully submitted this 15th day of January, 2021.

Respectfully submitted,
**CLARK HILL LLP**

By:   /s/Michael P. West
Michael P. West
Ashley A. Escudero
**CLARK HILL LLP**
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460
mwest@clarkhill.com
aescudero@clarkhill.com
*Attorneys for Defendants*
Sunrise Senior Living Management,
Inc. and Welltower OpCo Group, LLC

27

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of January, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

Dated: January 15, 2021

/s/ Michael P. West
Michael P. West
*Attorneys for Defendants,*
Sunrise Senior Living Management,
Inc. and Welltower OpCo Group, LLC

*Attorney for Plaintiffs:*

Ayman R. Mourad, Esq.
Alexander N. Rynerson, Esq.
**LANZONE MORGAN LLC**
5001 Airport Plaza Dr., Suite 210
Long Beach, CA 90815
Tel: (562) 596-1700
Fax: (562) 596-0011
Email: eservice@lanzonemorgan.com
Email: arm@lanzonemorgan.com
Email: asr@lanzonemorgan.com

261635303.v1
ClarkHill\61560\416158\261779077.v1-1/16/21