UNITED STATES DISTRICT COURT  **JS-6**
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-02250JVS(KESx) | Date | Feb. 10, 2021 |
|---|---|---|---|

| Title | Gilbert Garcia et al v. Welltower OpCo Group LLC et al |
|---|---|

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Plaintiffs' Motions for Remand and Defendants' Motion to Dismiss the Complaint**

This order relates to a complaint by Gilbert Garcia ("Garcia"), by and through his successor in interest Paul Garcia ("P. Garcia"), and Paul Garcia ("P. Garcia"), Ronald Garcia ("R. Garcia"), and Gary Garcia ("G. Garcia") (collectively, "Plaintiffs") in their individual capacities against Welltower Opco Group LLC ("Welltower"), Sunrise Senior Living Management, Inc. ("Sunrise"), and Ruzica Calabrese ("Calabrese.").

Before the Court are two pending motions:[1]

1. Plaintiffs' Motion to Remand ("Rem. Mot."), Dkt. No. 18, filed in conjunction with Plaintiffs' Request for Judicial Notice ("RJN"), Dkt. No. 20. Welltower and Sunrise opposed the motion. Rem. Opp., Dkt. No. 31. Plaintiffs replied. Rem. Reply, Dkt. No. 38.
2. Welltower and Sunrise's Motion to Dismiss the Complaint for failure to state a claim and/or lack of subject matter jurisdiction. Mot. Dis., Dkt. No. 29. Plaintiffs opposed the motion. Dis. Opp., Dkt. No. 37. Welltower and Sunrise replied. Dis. Reply, Dkt. No. 40.

Also pending before the Court is Welltower and Sunrise's motion to dismiss the

---

[1]Also pending before the Court was Garcia's Motion to Dismiss Welltower and Sunrise's Counterclaim. Dkt. No. 22. Welltower and Sunrise opposed the motion. Dkt. No. 34. Garcia then withdrew the motion. Dkt. No. 39. Therefore, the Court does not consider it here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-02250JVS(KESx) | Date | Feb. 10, 2021 |
| Title | Gilbert Garcia et al v. Welltower OpCo Group LLC et al | | |

original complaint. Dkt. No. 13. Because Plaintiffs filed an amended complaint after Welltower and Sunrise filed their motion to dismiss, the Court **DENIES** as moot their original motion to dismiss.

On February 5, 2021, Plaintiffs filed a request for hearing after the Court posted its tentative order on the aforementioned pending motions. Dkt. No. 42. The Court has considered Plaintiffs' request, but for the reasons below, does not find a hearing to be necessary. L.R. 7-15.

For the following reasons, the Court **DENIES** Plaintiffs' Motion to Remand. The Court **GRANTS** in part their request for judicial notice. The Court also **GRANTS** Welltower and Sunrise's motion to dismiss for failure to state a claim under Rule 12(b)(6).

## I. BACKGROUND

### A. Factual Background

Plaintiffs filed suit against Welltower, Sunrise, and Calabrese alleging three causes of action under California law: elder abuse and neglect; wrongful death; and intentional infliction of emotional distress. See generally Dkt. No. 16 ("FAC"). Welltower and Sunrise operate a senior living facility, which Calabrese manages. Id. ¶¶ 12-14.

Garcia was admitted as a resident to the facility in August 2017. Id. ¶ 24. He was also a resident of the facility during the COVID-19 pandemic and was "at extremely high risk for complications or death" related to the disease, having had a history of heart attacks, stroke, glaucoma, and hypertension. Id. ¶ 26. Despite this, at the start of the pandemic, he was "in relatively good health and spirits . . . mentally alert and oriented to person, place, and time . . . ." Id. ¶ 32.

At the start of the pandemic and even after California's Governor issued a state of emergency within the state, the facility "failed to implement appropriate infection control measures or follower local or public health guidelines in preparing for and preventing COVID-19 spread." Id. ¶ 33. For example, while the facility initially allowed (but discouraged visitors), the facility soon reversed course. Id. ¶¶ 33-34. Defendants also sent mixed messages regarding the availability of personal protective equipment. Id. ¶ 35

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-02250JVS(KESx)              Date  Feb. 10, 2021

Title   Gilbert Garcia et al v. Welltower OpCo Group LLC et al

(May 12, 2020 Letter indicating a lack of appropriate personal protective equipment and May 15, 2020 Letter stating that the facilities had sufficient equipment).

On May 28, 2020, Garcia exhibited weight loss and his physician ordered monitoring for the next few days. Id. ¶ 36. On May 31, 2020, the facility sent another request to secure more personal protective equipment, but nonetheless announced a resumption of group dining the same day. Id. ¶ 37. On June 12, 2020, a staff member tested positive for the virus. Id. ¶ 38. The next day, the facility arranged for Garcia to have his hair cut by a third-party barber as well, despite the no-visitor policy. Id.

On June 13, 2020, Garcia began feeling especially tired. Id. ¶ 39. His symptoms persisted and worsened over the next few days. Id. Garcia was then tested for the virus, and an urgent care physician "suspected a positive result" because of his fever, cough, and recent exposure to the virus. Id. ¶ 41. Garcia's symptoms continued to persist, and on June 18, 2020, he was taken to the emergency room. Id. ¶ 43. On June 20, 2020, his COVID-19 test result came back positive. Id. ¶ 44. On June 26, 2020, Welltower management sent a notice indicating that they had not had a confirmed COVID-19 case for 14 days, and therefore were beginning to move to a more relaxed phase of their operations plan. Id. ¶ 45. This was despite Garcia's positive test result. Id.

On July 3, 2020, Garcia passed away from the virus. Id. ¶ 48. Prior to his death, a staff member conceded to Garcia's children that the facility was "not ready" to receive Garcia when he returned from urgent care on June 17, 2020.

**B.   Procedural Background**

Plaintiffs originally filed suit in California state court, and Welltower and Sunrise then removed the action to the Central District of California on the basis of diversity and federal question jurisdiction. See generally, Dkt. No. 1. 28

28 U.S.C. § 1332(a)'s amount in controversy and complete diversity requirements were met, according to Welltower and Sunrise, because the original complaint alleged various claims all related to an unintended death that surpassed $75,000 and because Welltower and Sunrise were citizens of states other than California. Id. ¶¶ 9-12. 28 U.S.C. § 1441(a)'s requirements for federal question jurisdiction were met under the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C. §§ 247d-6d,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-02250JVS(KESx) | Date | Feb. 10, 2021 |
| Title | Gilbert Garcia et al v. Welltower OpCo Group LLC et al | | |

247d-6e.  Id. ¶¶ 18-19.  Therefore, "Congress provided an exclusive remedy for the substance of the allegations, and relief sought in the Complaint and Federal law expressly pre-empts state law..."  Id. ¶ 19.

After removal, Welltower and Sunrise moved to dismiss the original complaint. Dkt. No. 13.  Nineteen days later, Plaintiffs amended their complaint, adding defendant Calabrese.  See generally, FAC.  Calabrese is a citizen of California.  Id.

## II.  LEGAL STANDARD

### A. Remand

Federal courts are courts of limited jurisdiction.  See Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  See Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court.").

The case shall be remanded to state court if at any time before final judgment is appears a removing court lacks subject matter jurisdiction.  See 28 U.S.C. § 1447 (c); Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 87 (1991). There is a strong presumption against removal jurisdiction, so the party seeking removal always has the burden of establishing that removal is proper.  See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)).

### B. Dismissal under Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 20-02250JVS(KESx)     Date   Feb. 10, 2021

Title    Gilbert Garcia et al v. Welltower OpCo Group LLC et al

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. THE PREP ACT

At the outset, the Court discusses the PREP Act and the ongoing COVID-19 Pandemic, as well as any associated Declarations issued under the Act.

The Court adopts the summary of the Act, as well as how it relates to the ongoing COVID-19 pandemic, from Rodina v. Big Blue Healthcare, Inc., No. 2:20-CV-2319-HLT-JPO, 2020 WL 4815102, at *4 (D. Kan. Aug. 19, 2020).

The PREP Act is invoked when the Secretary of the Department of Health and Human Services ("HHS") issues a declaration determining—for purposes of the PREP Act—that a disease or other health condition constitutes a public health emergency. 42 U.S.C. § 247d-6d(b). If the Secretary determines that such conditions exist, he or she "may make a declaration, through publication in the Federal Register, recommending ... the manufacture, testing, development, distribution, administration, or use of one or more covered countermeasures, and stating that [42 U.S.C. § 247d-6d(a)] is in effect with respect to the activities so recommended." Id.

Once the Secretary has issued a declaration, the PREP Act provides sweeping immunity for certain claims against certain covered individuals: "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure...." 42 U.S.C. § 247d-6d(a)(1). The immunity "applies to any claim for loss that has a causal relationship with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-02250JVS(KESx) | Date | Feb. 10, 2021 |
| Title | Gilbert Garcia et al v. Welltower OpCo Group LLC et al | | |

administration to or use by an individual of a covered countermeasure, including a causal relationship with the design, development, clinical testing or investigation, manufacture, labeling, distribution, formulation, packaging, marketing, promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing, or use of such countermeasure." Id. at § 247d-6d(a)(2)(B)

A "covered countermeasure" under the PREP Act is, simplified, a drug, biological product, or device that is a "qualified pandemic or epidemic product" or a "security countermeasure," or is authorized for emergency use under the Federal Food, Drug, and Cosmetic Act. Id. at § 247d-6d(i)(1).

Exceptions to the PREP Act are limited. The PREP Act provides that "the sole exception to the immunity from suit and liability of covered persons... shall be for an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct... by such covered person." 42 U.S.C. § 247d-6d(d)(1). The action "shall be filed and maintained only in the United States District Court for the District of Columbia." Id. § 247d-6d(e)(1). For injuries not involving willful misconduct, the PREP Act establishes a "Covered Countermeasure Process Fund," which provides "compensation to eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure pursuant to such declaration." 42 U.S.C. § 247d-6e(a).

The Secretary has issued such a declaration regarding the COVID-19 pandemic. See 85 Fed. Reg. 15,198 (Mar. 10, 2020). The COVID-19 Declaration also defines covered countermeasures as "any antiviral, any other drug, any biologic, any diagnostic, any other device, or any vaccine, used to treat, diagnose, cure, prevent, or mitigate COVID-19 ... or any device used in the administration of any such product, and all components and constituent materials of any such product." Id. at 15,202.

### III. DISCUSSION

**A.    Request for Judicial Notice**

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-02250JVS(KESx)  Date  Feb. 10, 2021

Title  Gilbert Garcia et al v. Welltower OpCo Group LLC et al

Plaintiffs request that the Court take judicial notice of the following documents.

1. The U.S. Department of Health and Human Services list of therapeutics in relation to the COVID-19 Pandemic (Updated Nov. 24, 2020).
2. The California Department of Social Services License for Sunrise Villa Bradford (Issued December 18, 2018).
3. The California Department of Social Services Complaint Investigation Report of Sunrise Villa Bradford (Dated January 14, 2020).
4. Casabianca v. Mt. Sinai Med. Ctr., 2014 WL 10413521 (N.Y. Sup. 2014).
5. Baskin v. Big Blue Healthcare, Inc., No. 2:20-CV-2267-HLT-JPO, 2020 WL 4815074 (D. Kan. Aug. 19, 2020)
6. Martin v. Serrano Post Acute LLC, No. CV 20-5937 DSF (SKX), 2020 WL 5422949 (C.D. Cal. Sept. 10, 2020)
7. Jackie Saldana v. Glenhaven Healthcare LLC, No. CV205631FMOMAAX, 2020 WL 6713995 (C.D. Cal. Oct. 14, 2020)

See RJN.

The Court takes judicial notice of the documents 1-3 in RJN pursuant to Fed. R. Evid. 201. O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1225 (10th Cir. 2007); Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of Texas agency's website); Denius v. Dunlap, 330 F.3d 919, 926–27 (7th Cir. 2003) (taking judicial notice of information on official government website). These documents contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

The Court need not take judicial notice of decisions within this District and beyond, but nevertheless considers them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-02250JVS(KESx)            Date   Feb. 10, 2021

Title   Gilbert Garcia et al v. Welltower OpCo Group LLC et al

**B.    Remand**

Plaintiff claims that there is no federal question or diversity jurisdiction.

Plaintiffs maintain that the federal statute on which Welltower and Sunrise rely – the PREP Act – does not apply here, because it "does not provide immunity to medical providers for negligence claims 'unrelated to vaccine administration and use.'" Rem. Mot., Dkt. No. 18 at 10. Moreover, the Declaration issued by HHS, which clarifies the scope of immunity under the PREP Act, is limited to "physical provision of a countermeasure to a recipient, such as vaccination or handing drugs to patients. . .." Id. (citing 85 Fed. Reg. at 15,198). The countermeasures do not include "policies, procedures, protocols, or guidelines..." Id. Even if the PREP Act did apply to this type of care, Welltower and Sunrise are not "covered persons" or "program planners" within the meaning of the statute. Id. at 12.

Even if the PREP Act did apply, because Plaintiffs have brought solely state based claims, Welltower and Sunrise's PREP Act argument is only a defense, and therefore not a basis for federal question jurisdiction. Id. at 17-18.

Welltower and Sunrise contend that federal question jurisdiction exists because the PREP Act confers three separate bases for jurisdiction – either through complete preemption, the Grable doctrine, or because Garcia's claims fall squarely within the PREP Act. Rem. Opp., Dkt. No. 31 at 12. Welltower and Sunrise contend that the suit is completely preempted given recent guidance from the Office of General Counsel of the Department of Health and Human Services ("OGC"). Id. That Advisory Opinion, Welltower and Sunrise argue, confirms Congress' intent that the PREP Act completely preempt state laws, extends immunity to certain individuals, and creates an exclusively federal cause of action for violations of the Act. Id. at 13-14. Welltower and Sunrise advance other arguments related to the Grable Doctrine that the Court does not address here.

In response, Plaintiffs contend that Welltower and Sunrise failed to adhere to infection control protocols and as a result do not receive PREP Act immunity pursuant to the Declaration by the Secretary of HHS. Rem. Reply, Dkt. No. 38 at 5. Here, Plaintiffs advance a Chevron-style argument to claim that the Court should defer to HHS' previous guidance purportedly confirming that a failure to adhere to protocols constitutes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-02250JVS(KESx)   Date  Feb. 10, 2021

Title  Gilbert Garcia et al v. Welltower OpCo Group LLC et al

actionable misconduct (and is not preempted by the PREP Act). Id. at 6-10. At the same time that Plaintiffs suggest that the Court defer to the aforementioned guidance, they claim that the January 8, 2021 Advisory Opinion 21-01 is not entitled to receive Chevron deference "as it is not a formal agency action made pursuant to a Congressional grant of power..." and could have been issued via a Declaration to achieve a more substantial effect Id. at 12-14. To the extent that the Court does rely on the Advisory Opinion, it can easily be reconciled with earlier ones because those early opinions confirmed that failure to act is actionable. Id. at 15-16. Finally, the January 8, 2021 Advisory Opinion purportedly goes beyond the scope of an administrative agency's authority. Id. at 15-18.

   *i.*   *Whether the PREP Act is a Complete Preemption Statute*

The Court considers whether the PREP Act provides for complete preemption.

Generally, under the well-pleaded complaint rule, federal jurisdiction exists only when a federal question is presented on the face of a complaint. Gully v. First National Bank, 299 U.S. 109, 112-113 (1936). However, federal question jurisdiction may exist as a result of the "complete [or artful] preemption doctrine," which applies where the preemptive force of a statute "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 472 (1998).

A number of courts – in this District, Circuit, and as well as those beyond – have explored whether the PREP Act provides a basis for federal question jurisdiction for complaints related to the ongoing COVID-19 pandemic.

In this District, courts have found that it did not: "[w]ith respect to complete preemption, the PREP Act is 'not one of the three statutes that the Supreme Court has determined has extraordinary preemptive force.'" Jackie Saldana v. Glenhaven Healthcare LLC, No. CV205631FMOMAAX, 2020 WL 6713995, at *2 (C.D. Cal. Oct. 14, 2020) (citing City of Oakland v. BP PLC, 969 F.3d 895, 907 (9th Cir. 2020)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-02250JVS(KESx)  Date  Feb. 10, 2021

Title  Gilbert Garcia et al v. Welltower OpCo Group LLC et al

    Indeed, in a different case – yet one almost identical to the case here – another court found the same.  Martin v. Serrano Post Acute LLC, 2020 WL 5422949, *1-2 (C.D. Cal. 2020) (finding that PREP Act did not preempt plaintiffs' state law claims relating to defendants' alleged "fail[ure] to take proper precautions to prevent the spread of COVID-19 in the [nursing] facility, and fail[ure] to react properly to the infections that became present in the facility[,]" which led to decedent's death from COVID-19).

    However, each of these cases precedes more recent guidance from OGC which suggests that when a party attempts to comply with federal guidelines – in this case, concerning the COVID-19 pandemic – the PREP Act would provide complete preemption.  See Dkt. No. 31-6 ("OGC Advisory Opinion 21-01" or "January 8, 2021 Advisory Opinion").  The Court also acknowledges, as Plaintiffs note in their Request for Hearing, that as recently as February 2, 2021, a court within this district found that the PREP Act does not provide for complete preemption.  See Fernande Lyons et al. v. Cucumber Holdings, LLC, et al, No. CV2010571JFWJPRX, 2021 WL 364640 (C.D. Cal. Feb. 3, 2021).  However, it is not clear from that order if the Lyons court even considered the January 8, 2021 Advisory Opinion.  See generally, id.  Therefore, the Court declines to defer to that decision.

    Moreover, the Court agrees with this administrative agency interpretation of the PREP Act.  See Chevron, Inc. v. NDRC, Inc., 467 U.S. 837, 843 (1984); Skidmore v. Swift & Co., 323 U.S. 134 (1944); United States v. Mead Corp., 533 U.S. 218, 220 (2001) ("an agency's interpretation may merit some deference whatever its form, given the 'specialized experience and broader investigations and information' available to the agency . . . and given the value of uniformity in its administrative and judicial understandings of what a national law requires").  That the Advisory Opinions are not binding law or formal rules issued via notice and comment does not render them irrelevant.  Id. at 236-237 ("If, on the other hand, it is simply implausible that Congress intended such a broad range of statutory authority to produce only two varieties of administrative action, demanding either Chevron deference or none at all, then the breadth of the spectrum of possible agency action must be taken into account . . . This acceptance of the range of statutory variation has led the Court to recognize more than one variety of judicial deference.").[2]

---

    [2]The Court is aware of only one decision that considered the January 8, 2021 Advisory Opinion in-depth.  Marc Dupervil, as the Proposed Adm'r of the Estate of Frederic Dupervil, Deceased, Plaintiff,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 20-02250JVS(KESx)     Date Feb. 10, 2021

Title    Gilbert Garcia et al v. Welltower OpCo Group LLC et al

In that most recent guidance – published on January 8, 2021 – OGC affirmed that the PREP Act is a complete preemption statute and clarified the scope of the Act relative to the ongoing pandemic. OGC Advisory Opinion 21-01 at 2-3.

The same Advisory Opinion also described complaints it had reviewed: "[a]t one extreme, plaintiff may have pleaded that the facility failed *in toto* to provide any of its staff or patients with any PPE . . . Other plaintiffs allege that the quantity of PPE was inadequate [] [or] that staff were not timely provided PPE . . .." See OGC Advisory Opinion 21-01. Then, in reviewing the language of the Act, OGC claimed that courts – like the Saldana and Serrano courts – construed the Act erroneously because they took too limited of a view concerning use or non-use of a covered countermeasure. Id. at 2-3. It noted, "this 'black and white' view clashes with the plain language of the PREP Act, which extends immunity to anything 'relating to' the administration of a covered countermeasure." Id. at 3.

According to the OGC only instances of nonfeasance, i.e., where "defendant's culpability is the result of its failure to make any decisions whatsoever, thereby abandoning its duty to act as a program planner or other covered person" would complete preemption not attach. Id. at 4. Total inaction, therefore, would not be covered by the PREP Act.

Given this recent guidance, the Court finds that the PREP Act provides for complete preemption.

     ii.     *Whether Welltower and Sunrise's Conduct Falls Within the PREP Act*

The Court next assesses whether the allegations against Welltower and Sunrise fall within the PREP Act. Even if the PREP Act is a complete preemption statute, if

---

v. Alliance Health Operations, LCC, d/b/a Linden Center for Nursing and Rehabilitation, & John and Jane Does 1-10, Defendants., No. 20CV4042PKCPK, 2021 WL 355137 (E.D.N.Y. Feb. 2, 2021). There, the court found that the January 8, 2021 Advisory Opinion lacked the power to persuade as it cited no legal basis for its proposition that the PREP Act was a complete preemption statute. Id. at *10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-02250JVS(KESx) | Date | Feb. 10, 2021 |
| Title | Gilbert Garcia et al v. Welltower OpCo Group LLC et al | | |

Welltower and Sunrise's actions do not fall within the scope of the Act, then it cannot provide a basis for federal question jurisdiction.

 To fall within the scope of the PREP Act, Plaintiffs' loss must have been caused by "a covered person" and "aris[e] out of, relat[e] to, or result[] from the administration to or the use by an individual of a covered countermeasure." See 42 U.S.C. § 247d-6d(a)(1). Here, there is no doubt that Plaintiffs' accusations against Welltower and Sunrise concerning their actions fall within the scope of the PREP Act and meet the specifications of the January 8, 2021 Advisory Opinion.

 First, Welltower and Sunrise are "covered person[s]" under the Act. 42 U.S.C. § 247d-6d(a)(1). A covered person includes a "program planner" and a "qualified person who prescribed, administered, or dispensed such countermeasure . . .." Id. § 247d-6d(i)(2)(B). The Court agrees with Welltower and Sunrise that they are a "program planner" and are therefore a "covered person" under the Act. The Court need not also consider whether they are also a "qualified person" under the same.

 Program Planners are those who "supervised or administered a program with respect to the administration, dispensing, distribution, provision, or use of a security countermeasure or a qualified pandemic or epidemic product, including a person who has established requirements, provided policy guidance, or supplied technical or scientific advice or assistance or provides a facility to administer or use a covered countermeasure . . .." Id. § 247d-6d(i)(6).

 Contrary to Plaintiffs' assertions, the PREP Act's coverage extends beyond vaccine manufacturers. See Rem. Mot., Dkt. No. 18 at 12. Here, Sunrise and Welltower supervised and administered infection control programs as required by California law. See Cal. Code Regs. Tit. 22 § 87101(u)(1). While Plaintiffs contend that they are not licensed health facilities and "cannot provide medical services" or "[a]dminister the therapeutics and medical devices ... considered covered countermeasures under the PREP Act," the language of the Act is not so limiting. Rem. Mot., Dkt. No. 18 at 12-14; see also 42 U.S.C. § 247d-6d(a)(1) (providing that a program planner supervises or administers a program with respect to a "security countermeasure or a qualified pandemic or epidemic product," further described as a drug, biological product, or device). And, Welltower and Sunrise maintained policies and procedures for monitoring staff infection rates and maintained an operations plan to return to normal. FAC ¶¶ 38, 45.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-02250JVS(KESx)                           Date  Feb. 10, 2021

Title  Gilbert Garcia et al v. Welltower OpCo Group LLC et al

Moreover, recent letters from OGC affirm the Court's conclusion. In the August 14, 2020 Letter addressing the status of senior living communities, OGC confirms that senior living communities are covered persons under the PREP Act because they are "program planners." Dkt. No. No. 31-4 at 2-3 ("Aug. 14 2020 Senior Living Communities Letter").

> [A] senior living community meets the definition of a 'program planner' to the extent that it supervises or administers a program with respect to the administration, dispensing, distribution, provision, or use of a security countermeasure or a qualified pandemic or epidemic product, including by 'provid[ing] a facility to administer or use a Covered Countermeasure in accordance with' the declaration).[3]

Id. at 2-3.

Second, Plaintiffs' injuries "aris[e] out of, relat[e] to, or result[] from the administration to or the use by an individual of a covered countermeasure." See 42 U.S.C. § 247d-6d(a)(1). For example, the FAC details infection control measures and procedures including symptom checking, staff monitoring and screening, and limiting visitation, see e.g. FAC ¶¶ 37-38. In other places, the FAC directly draws upon the use (and in some case, misuse) of PPE and references a "[r]esumption of [o]perations plan." Id. The FAC also details screening measures employed by Welltower and Sunrise related to certain professional services provided within the facility. These allegations of use and misuse of PPE and the infection control measures directly relate to covered countermeasures within the meaning of the PREP Act. See e.g. FAC ¶¶ 38, 40, 49.

---

[3]The Court acknowledges that Plaintiffs note that the letter states that "[i]t is not a final agency action or a final order. Nor does it bind HHS or the federal courts. It does not have the force or effect of law." Dkt. No. 18 at 13. But Plaintiffs' interpretation of Chevron and its progeny is erroneous. Chevron is not black and white, and the Supreme Court has made clear that courts are not faced with an option of complete deference or none at all. Reno v. Koray, 515 U.S. 50, 61 (1995) (according "some deference" to an interpretive rule that "do[es] not require notice and comment"); Martin v. Occupational Safety and Health Review Comm'n, 499 U.S. 144, 157 (1991) ("some weight" is due to informal interpretations though not "the same deference as norms that derive from the exercise of ... delegated lawmaking powers").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-02250JVS(KESx) | Date | Feb. 10, 2021 |
|---|---|---|---|

| Title | Gilbert Garcia et al v. Welltower OpCo Group LLC et al | | |
|---|---|---|---|

The language of other OGC Advisory Opinions – for example, the Advisory Opinion on the Public Readiness and Emergency Preparedness Act and the March 10, 2020 Declaration Under the Act, published on April 17, 2020 and modified on May 19, 2020 – supports including Welltower and Sunrise's actions in response to the COVID-19 pandemic in the scope of covered countermeasures within the meaning of the PREP Act. Dkt. No. No. 31-3 at 5 ("May 19, 2020 Advisory Opinion") ("Given the broad scope of PREP Act immunity, Congress did not intend to impose a strict-liability standard on covered persons for determining whether a product is a covered countermeasure."). The same is true for the Advisory Opinion Letter 20-04, which provided that the term "covered person" "includes a broad range of individuals and organizations." Dkt. No. 31-5 at 2 ("OGC Advisory Opinion 20-04").

While Plaintiffs argue that "[t]here are no policies, procedures, protocols, or guidelines listed by [] [HHS] as being covered countermeasures, including social distancing, barring outside visitors, or restricting travel," the language of the advisory opinions contradicts that claim. Rem. Mot., Dkt. No. 18 at 10. Plaintiffs cannot escape this finding by arguing that the PREP Act does not cover the failure to use or administer covered countermeasures, either. Id. at 11.

The acts and omissions alleged by Plaintiffs appear almost verbatim in the January 8, 2021 Advisory Opinion:

> At one extreme, plaintiff may have pleaded that the facility failed *in toto* to provide any of its staff or patients with PPE... Other plaintiffs allege that the quantity of PPE was inadequate, that staff were not timely provided PPE or that staff were not adequately trained to use PPE... decision-making that leads to the non-use of covered countermeasures by certain individuals is in the grist of program planning, and is expressly covered by PREP Act.

OGC Advisory Opinion 21-01 at 2-4.

While the Court acknowledges that certain allegations relate to a failure to abide by local or federal health guidelines, those allegations related to momentary lapses. Cf. Rem. Reply, Dkt. No. 38 at 15-16. Taken as true, all Plaintiffs' FAC discloses are possible unsuccessful attempts at compliance with federal or state guidelines – something which the PREP Act, the Declaration, and the January 8, 2021 Advisory Opinion cover.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-02250JVS(KESx)                               Date   Feb. 10, 2021

Title   Gilbert Garcia et al v. Welltower OpCo Group LLC et al

    These are not instances of nonfeasance, as the Advisory Opinion describes, but rather instances where Welltower and Sunrise acted in ways to "limit the harm such a pandemic or epidemic might otherwise cause." 85 Fed. Reg. at 35,101.  Therefore, the losses caused related to "the administration or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1).

    Therefore, because the OGC stated that the PREP Act is a complete preemption statute, the Court finds that an adequate basis for federal question jurisdiction exists.  The Court need not consider Welltower and Sunrise's second and third arguments that federal question jurisdiction exists because of either the Grable Doctrine or because the claims fall squarely within the PREP Act.  Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003).

    Plaintiffs' request for remand is therefore **DENIED**.[4]  The Court does not consider whether an alternate basis for jurisdiction (i.e., diversity jurisdiction) exists as well.

**C.   Welltower and Sunrise's Motion to Dismiss**

    The Court now turns to Welltower and Sunrise's motion to dismiss.

---

[4]The Court also notes that Welltower and Sunrise removed this action on the basis of diversity jurisdiction as well.

    While Plaintiffs contend that Calabrese is a citizen of California and therefore destroys diversity, the Court declines to allow a diversity-destroying defendant to be the basis for remand.  Doing so is in line with a split within the Ninth Circuit concerning whether Rule 15(a) or 28 U.S.C. § 1447(e) governs newly amended complaints after removal with a non-diverse defendant.  See, e.g., Lopez v. PLS Fin. Servs., CV 11-3730 DDP (JEMx), 2011 WL 3205355, at *1 (C.D. Cal. July 26, 2011) (recognizing split in authority); Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 657 (S.D. Cal. 2000) (same); Clinico v. Roberts, 41 F. Supp. 2d 1080, 1087–1088 (C.D. Cal. 1999) (noting that once a case has been removed to federal court Rule 15(a)'s presumption of validity cannot apply, and instead courts must scrutinize under 28 U.S.C. § 1447(e)).

    The Court follows Clinico and finds that the relevant factors counsel against joinder of Calabrese, and therefore against remand as well.  IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); See Calderon v. Lowe's Home Ctrs., LLC, CV 15-1140 ODW (AGRx), 2015 WL 3889289, at *3 (C.D. Cal. June 24, 2015) (citing Palestini, 193 F.R.D. at 658).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-02250JVS(KESx)  Date  Feb. 10, 2021

Title  Gilbert Garcia et al v. Welltower OpCo Group LLC et al

    As an affirmative defense, immunity via the PREP Act can provide a basis for dismissal at the pleadings stage under Rule 12(b)(6) provided the elements of the defense appear on the face of the complaint.  Jones v. Bock, 549 U.S. 199, 215 (2007).  "If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper."  ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) (citing Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir.1984) (per curiam)).  "Only when the plaintiff pleads itself out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."  Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004).

    Essentially, Welltower and Sunrise argue that the FAC should be dismissed because they are immune from suit under the PREP Act.  Mot. Dis. Dkt. No. 29-1 at 17-29.  The Court need not repeat their arguments here, as many of them were made in their opposition to Plaintiffs' motion for remand.  Plaintiffs also rehash many of their arguments in favor of their motion for remand.  Dis. Opp., Dkt. No. 37.  In essence, they argue that the PREP Act does not apply here and therefore that PREP Act immunity is not available to Welltower and Sunrise.  Id. at 13-14.

    The Court agrees with Welltower and Sunrise.  Immunity applies for the same reason that the Court found the PREP Act conferred federal question jurisdiction.

    First, it is clear that – from the bare allegations of the FAC – Plaintiffs claims invoke issues governed by the PREP Act, both by the language of the Act, subsequent Declarations by the Secretary of HHS, and finally, by Advisory Opinions by OGC.  The Court has already explored these allegations above and will not do so again here.  In any event, the allegations "plead [plaintiffs] out of court," Xechem, 372 F.3d at 901, despite their assertions that the PREP Act does not apply.

    Second, to the extent that Plaintiffs rely on arguments that immunity cannot apply because immunity exists only in a "very narrow class of claims" involving the "use" or "administration" of any "covered countermeasure," the Court disagrees.  See Dis. Opp., Dkt. No. 37 at 16-17.  The January 8, 2021 Advisory Opinion, as discussed above, specifically forecloses this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-02250JVS(KESx)  Date Feb. 10, 2021

Title  Gilbert Garcia et al v. Welltower OpCo Group LLC et al

Therefore, the Court **GRANTS** Welltower and Sunrise's motion to dismiss.[5]

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand. The Court **GRANTS** in part their request for judicial notice. The Court also **GRANTS** Welltower and Sunrise's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IT IS SO ORDERED.**

---

[5] Welltower and Sunrise argue that the FAC should be dismissed for lack of subject matter jurisdiction, "as the PREP Act's immunity provision preempts all of Plaintiffs' state law claims" and that "[t]o the extent an exception is claimed for allegations of willful misconduct, those exceptions *must* be referred to the United States District Court for the District of Columbia." Mot. Dis., Dkt. No. 29-1 at 33.

Plaintiffs argue that the PREP Act does not apply, that Welltower and Sunrise did not meet and confer regarding their argument concerning a lack of subject matter jurisdiction, and finally, that the D.C. District Court does not have jurisdiction. Dis. Opp., Dkt. No. 37 at 22

But for Plaintiffs arguments concerning the Local Rule meet and confer requirements, the Court would be inclined to agree with Welltower and Sunrise. However, the Court need not address this argument, as it dismisses on the basis of Welltower and Sunrise's 12(b)(6) argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-02250JVS(KESx)  Date  Feb. 10, 2021

Title  Gilbert Garcia et al v. Welltower OpCo Group LLC et al

: 0

Initials of Preparer  lmb