UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Supplemental Motion to Remand [63]**

This motion comes before the Court following the Ninth Circuit's mandate directing this Court to address whether jurisdiction exists over this action. (See Dkt. No. 50.) On January 23, 2023, the Court directed the parties to submit supplemental briefing on the jurisdictional issue. (Dkt. No. 60.) Plaintiffs Gary Garcia, Gilbert Garcia, Paul Garcia, and Ronald Garcia (the "Garcias") filed a supplemental motion to remand. (Dkt. No. 63.) Defendants Welltower OpCo Group, LLC dba Sunrise Villa Bradford ("Welltower") and Sunrise Senior Living Management, Inc. ("Sunrise") ("Defendants") opposed. (Dkt. No. 66.)

The Court issued a tentative order on March 15, 2023. The parties appeared for oral argument on March 20, 2022. This Order reflects the final order on the instant motion.

For the following reasons, the Court **DENIES** the Motion.

**I. BACKGROUND**

*A.    Factual Background*

Plaintiff Gilbert Garcia ("Gilbert") died of COVID-19 on July 3, 2020, while residing at Sunrise, an assisted living facility. (First Amended Complaint ("FAC") ¶¶ 1–4, Dkt. No. 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

On March 4, 2020, California Governor, Gavin Newsom, declared a state of emergency as a result of the COVID-19 pandemic.  (Id. ¶ 33.)  On March 17, 2020, Sunrise announced its strict no-visitor policy, allowing access only to essential medical providers, hospice care providers, and family members of residents who were at the end of their life.  (Id. ¶ 34.)  During May 2020, Sunrise issued statements indicating that it did not have sufficient access to PPE.[1]  (Id. ¶ 35.)

At the time, Gilbert was 89 and suffered from multiple preexisting conditions.  (Id. ¶ 26.)  On May 28, 2020, he started losing weight.  (Id. ¶ 36.)  On June 12, 2020, a Sunrise staff member tested positive for COVID-19.  (Id. ¶ 38.)  The next day, Sunrise arranged for a third-party barber to visit its facility to cut Gilbert's hair despite having a strict no-visitor policy.  (Id.)  He reported being "especially tired" that day.  (Id. ¶ 39.)  A few days later, his family witnessed via video call a Sunrise staff member administer medication and eye drops without wearing any gloves or a gown.  (Id.)

On June 17, 2020, Sunrise called Gilbert's son, Ronald Garcia ("Ronald"), and suggested that he personally take Gilbert to urgent care because he had been experiencing chills.  (Id. ¶ 40.)  Ronald feared that doing so would put him at an increased risk of contracting COVID-19.  (Id. ¶ 41.)  But because Sunrise could not care for him, Ronald felt as if he had no choice but to pick Gilbert up.  (Id.)  Ronald eventually took Gilbert to urgent care.  (Id.)  Gilbert was returned to Sunrise despite Sunrise later admitting that it was "not ready" to have received him.  (Id. ¶ 47.)

The next day, Gilbert was admitted to the hospital after experiencing further symptoms.  (Id. ¶ 43.)  He tested positive for COVID-19 on June 20, 2020.  (Id. ¶ 44.)  Shortly thereafter, Sunrise notified its residents that two staff members and two residents had tested positive for COVID-19.  (Id.)  Gilbert stayed at the hospital until he died of COVID-19 on July 4, 2020.  (Id. ¶ 48.)

---

[1] Sunrise issued pleas for help from its residents and their family members on May 12, 2020, and May 31, 2020, to ask their local congresspersons to secure "more PPE."  (Id. ¶¶ 35, 37.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

### B. Procedural Background

The Garcias filed the instant action in the Superior Court of the County of Orange on October 26, 2020, asserting three state claims of elder abuse and neglect, wrongful death, and intentional infliction of emotional distress. (Dkt. No. 1.)

Defendants removed the action to this Court on November 27, 2020, on the basis of diversity jurisdiction and federal question jurisdiction. (Id.) Welltower and Sunrise are citizens of states other than California, and the amount in controversy exceeded the required amount. (Id. ¶¶ 9–12.) Defendants argued that the Complaint reflected allegations that would give rise to immunity afforded to them by the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e.

After removal, Defendants moved to dismiss the complaint. (Dkt. No. 13.) The Garcias first amended their complaint nineteen days later, adding defendant Calabrese, who is a citizen of California. (First Amended Complaint ("FAC") Dkt. No. 16). Accordingly, the Garcias moved to remand the action on the basis of a lack of diversity jurisdiction. (Dkt. No. 18.) Defendants then moved to dismiss the First Amended Complaint on January 6, 2021. (Dkt. No. 29.)

On February 10, 2021, the Court denied Plaintiffs' request for remand on the basis of federal question jurisdiction. (Order 15, Dkt. No. 47.) The Court declined to remand on the basis of lack of diversity, but did not perform a full joinder analysis. (See id. at 15 n.4.) The Court first concluded that the suit was completely preempted by the PREP Act based on an administrative agency's interpretation of the PREP Act. (Id. at 9.) Then, the Court concluded that Defendants' actions fell within the scope of the PREP Act because they were "covered persons" under the Act and Plaintiffs' injuries *generally* arose from the administration to or use by an individual of a "covered countermeasure." (Id. at 12–13.) In reaching its conclusions, the Court relied heavily on the administrative agency's advisory opinions. (See id. at 14–15.)

But twelve days later, the Ninth Circuit held that "the PREP Act is not a complete preemption statute." Saldana v. Glenhaven Healthcare LLC, 27 F.4th 679, 688 (9th Cir.), cert. denied, 143 S. Ct. 444 (2022). It explicitly rejected the administrative agency's opinion on federal court jurisdiction. Id. at 687.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:20-cv-02250-JVS(KESx)   Date  March 23, 2023

Title   Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al.

After Plaintiffs appealed, the Ninth Circuit vacated this Court's decision and remanded the action for reconsideration in light of Saldana, 27 F.4th 679. (Dkt. No. 50.) The Ninth Circuit also instructed the Court to "address in the first instance whether there is [diversity] jurisdiction." (Id. at 2.)

The Court now addresses whether federal question jurisdiction still exists, and if not, whether there is diversity jurisdiction.

## II. Legal Standard

Federal courts are courts of limited jurisdiction. See Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). A case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c); Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 87 (1991). There is a strong presumption against removal jurisdiction, so the party seeking removal always has the burden of establishing that removal is proper. See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)).

Additionally, if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

## III. Discussion

The Garcias move to remand the action to state court because of a lack of subject-matter jurisdiction. Because the Court's previous complete-preemption analysis is now abrogated by Saldana v. Glenhaven Healthcare LLC, 27 F.4th 679, 687 (9th Cir.), cert. denied, 214 L. Ed. 2d 253, 143 S. Ct. 444 (2022), the Court first considers whether there is still a basis for federal question jurisdiction. Then, the Court considers whether there is a basis for diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

*A.    Whether There Is Federal Question Jurisdiction*

Federal courts have original jurisdiction over those actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

To determine whether an action "arises" under section 1331, courts must determine whether "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 541 (9th Cir. 2011) (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936)). Put another way, the federal question must appear on the face of the complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392–93 (1987) (establishing the "well-pleaded complaint" rule). Thus, federal question jurisdiction cannot be based on a "federal defense," even if the federal defense is the "only question truly at issue." Id.

### 1.    The PREP Act Does Not Completely Preempt State-Law Claims

Complete preemption is a rare and narrow exception to the well-pleaded complaint rule. See Hansen v. Grp. Health Coop., 902 F.3d 1051, 1057 (9th Cir. 2018). If federal law "completely preempts a plaintiff's state-law claim," removal is permitted. City of Oakland v. BP PLC, 969 F.3d 895, 903–04 (9th Cir. 2020) (describing the "artful pleading" exception to the "well-pleaded complaint" rule). Under the complete preemption doctrine, some federal statutes have "extraordinary pre-emptive power" such that they convert state-law claims into federal claims for purposes of the well-pleaded complaint rule. Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014). Once a completely preempted state-law claim is asserted, courts construe the claim as "arising under" federal law. Id.

The PREP Act provides sweeping immunity for "covered persons" against certain federal and state claims[2] once the Secretary of the Department of Health and Human

---

[2] The Act covers "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

Services ("HHS") issues a declaration[3] that a disease or other health condition constitutes a "public health emergency." 42 U.S.C. § 247d-6d. The Secretary "controls the scope of immunity through the declaration and amendments, within the confines of the PREP Act." Saldana, 27 F.4th at 687. The "sole exception" to immunity is "an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct . . . by such covered person." 42 U.S.C. § 247d-6(d)(1). Such actions "shall be filed and maintained only in the United States District Court for the District of Columbia." Id. § 247d-6d(e)(1).

The PREP Act is not a complete preemption statute even if it may afford a preemption defense for willful misconduct claims. See Saldana, 27 F.4th at 688. Complete preemption is a jurisdictional doctrine, so an agency's opinion on federal court jurisdiction is not entitled to *Chevron* deference. Id. at 687. Thus, reliance on an agency's advisory opinion is insufficient to establish federal jurisdiction.[4] Id. While the Act expressly preempts state law willful misconduct claims, this alone does not establish complete preemption. This would confuse the jurisdictional doctrine of complete preemption with defensive preemption, Retail Property Tr., 768 F.3d at 948, which cannot create the basis for removal, see Caterpillar, 482 U.S. at 393. It is not enough that one claim "*may* be preempted" to conclude that the PREP Act "*entirely supplants* state law causes of action." Id. (emphasis in original).

Therefore, Saldana forecloses the possibility of exercising federal question jurisdiction over this action based on complete preemption, despite the Garcias having pled a claim for intentional infliction of emotional distress.

---

[3] The Secretary invoked the PREP Act by issuing a declaration providing immunity "for activities related to medical countermeasures against COVID-19"on March 10, 2020 (the "Declaration"). Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198, 15,198 (Mar. 17, 2020). The Declaration defined "countermeasures" as any "antiviral, any other drug, any biologic, any diagnostic, any other device, or any vaccine, used to treat, diagnose, cure, prevent, or mitigate COVID-19 . . . or any device used in the administration of any such product, and all components and constituent materials of any such product." Id. at 15,202.

[4] The Ninth Circuit explicitly rejected the HHS Office of General Counsel's and HHS's Secretary's conclusions that the PREP Act is a complete preemption statute. Saldana, 27 F.4th at 687.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

  2. <u>There Are No Embedded Federal Issues in the Intentional Infliction of Emotional Distress Claim</u>

  State-law claims can nonetheless invoke federal question jurisdiction if a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." <u>Id.</u> at 688 (quoting <u>Gunn</u>, 568 U.S. at 258); <u>see</u> <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 312 (2005). The plaintiff must satisfy the well-pleaded complaint rule. <u>Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund</u>, 636 F.3d 538, 542 (9th Cir. 2011).

  Federal question jurisdiction cannot be based on a "federal defense" raised under the PREP Act. <u>Saldana</u>, 27 F.4th at 688. Therefore, the Garcias' nonwillful state-law claims of elder abuse and wrongful death clearly cannot give rise to federal question jurisdiction.

  A state-law claim based on willful misconduct must, on its face, raise a federal issue under the PREP Act that is "substantial" to the essential elements of that claim. <u>Id.</u> at 689. In <u>Saldana</u>, a nursing-home resident's claim for willful misconduct under California law failed to raise a federal issue under the PREP Act because any "right or immunity created by the PREP Act" was not a substantial part of the claim. <u>Id.</u> Only "some" of the steps the nursing home may have involved a "covered person." <u>Id.</u> The fact that a plaintiff is "a resident at a facility where covered persons employed covered countermeasures" does not alone establish that the PREP Act is a "substantial part" of the complaint. <u>Aguilera-Cubitt v. AG Seal Beach, LLC</u>, No. 22-249, 2022 WL 1171028, at *7 (C.D. Cal. Apr. 20, 2022).

  Here, the only possible "willful misconduct" claim is Ronald's claim of intentional infliction of emotional distress. But the immunity afforded by the PREP Act is not "essential element" of this claim. None of Sunrise's "intentional or willful" actions giving rise to the intentional interference of emotional distress claim were taken pursuant to a "covered countermeasure." Rather, Ronald alleges that Sunrise intentionally inflicted emotional distress by asking him to take Garcia to urgent care, despite knowing that doing so would pose serious risks of harm and death to Ronald. (FAC ¶¶ 78–79.) The foregoing conduct, <u>i.e.</u>, asking Ronald to take his father to urgent care, did not result

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

from or relate to the administration to or use by an individual of a "covered countermeasure," 42 U.S.C. 247d-6d(i)(1),[5] or "security countermeasure,"[6] id. § 247d-6b(c)(1)(B). Thus, there are no federal issues embedded in the state law claim of intentional infliction of emotional distress.

Having determined that there is no basis for federal question jurisdiction, the Court now turns to whether it may exercise diversity jurisdiction over the action.

      B.     *Whether There Is Diversity Jurisdiction*

The Garcias seek to add a diversity-destroying defendant, Ruzica Calabrese ("Calabrese"), in order remand the action to state court.

The Court declines to read Federal Rule of Civil Procedure 15(a) as affording plaintiffs an automatic remand by adding a diversity-destroying defendant.[7] Whether the Court relies upon 28 U.S.C. § 144(e) or Rule 21 to deny remand, there must be some mechanism by which a defendant can challenge the joinder of a diversity-destroying defendant.

---

[5] A "covered countermeasure" is (a) a "qualified pandemic or epidemic product"; (b) a "security countermeasure"; (c) a drug, biological product, or device that is that is authorized for emergency use under the Federal Food, Drug, and Cosmetic Act; or (d) a respiratory protective device that the Secretary deems to be a priority for use during a public health emergency. Id. § 247d-6d(i)(1).

[6] A "security countermeasure" is a drug, biological product or device, or an approved respiratory protective device that the HHS Secretary determines to be a priority for use during the declared public health emergency. Id. § 247d-6d(i)(1).

[7] At oral argument, the Garcias conceded that a plaintiff would be "home free" to remand if the plaintiff could amend as a matter of right to add the nondiverse party. They argued that the only means by which a defendant could object to the joinder would be in opposition to a motion for remand based on fraudulent joinder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:20-cv-02250-JVS(KESx)   Date  March 23, 2023

Title  Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al.

1. Joinder of a Nondiverse Defendant Under a Less Restrictive Joinder Analysis Under 28 U.S.C. § 1447(e)

"[I]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Some courts in the Ninth Circuit have referenced a "split in authority" as to whether an amendment to add a nondiverse defendant pursuant to Fed. R. Civ. P. 15(a) may be made despite 28 U.S.C. § 1447(e). Marroquin v. Target Corp., No. 19-00341, 2019 WL 2005793, at *4 (C.D. Cal. May 7, 2019) (collecting cases); see Blowers v. Ford Motor Co., No. 17-8224, 2018 U.S. Dist. LEXIS 16212, at *7–8 (C.D. Cal. Jan. 31, 2018) (permitting amendment under Rule 15(a) but nonetheless remanding under § 1447(e)); Matthews Metals Prods., Inc. v. RBM Precision Metal Prods., Inc., 186 F.R.D. 581, 583 (N.D. Cal. 1999); see also Palestini v. General Dynamics Corp., 193 F.R.D. 654, 657 (S.D. Cal. 2000) (recognizing a "split in authority," but holding that joinder would be proper under either standard); Lopez v. PLS Fin. Servs., No. 11-3730, 2011 WL 3205355, at *1 (C.D. Cal. July 26, 2011) (same).

However, the "weight of authority" in this circuit finds that section 1447(e) governs. Marroquin, 2019 WL 2005793, at *4 (collecting cases). And therefore, Rule 15(a)'s liberal approach to amendments does not apply "when a plaintiff seeks to amend its complaint after removal to add a diversity-destroying defendant." Proportion Foods, LLC v. Master Prot., LP, No. 19-1768, 2019 U.S. Dist. LEXIS 72858, at *2 (C.D. Cal. Apr. 30, 2019); see, e.g., Greer v. Lockheed Martin, 2010 U.S. Dist. LEXIS 91695, at *4 (N.D. Cal. Aug. 10, 2010). To do so would allow plaintiff to "improperly manipulate the forum of an action." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999). Accordingly, the Court follows Clinco and scrutinizes an amendment seeking to join a diversity-destroying defendant under 28 U.S.C. § 1447(e).

Section 1447(e) states that "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to the state court." Id. According to the Ninth Circuit, the "language of § 1447(e) is couched in *permissive* terms and it clearly gives the district court the discretion to deny joinder." Newcombe v. Adolf Coors Co.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

157 F.3d 686, 691 (9th Cir. 1998) (emphasis added).

Remands "under § 1447(e) are . . . mandatory because, once the diversity-destroying defendant has been joined under that subsection, the district court's only option is to remand." Demartini v. Demartini, 964 F.3d 813, 819 (9th Cir. 2020). But if a district court does not join the diversity-destroying defendant, § 1447(e) "does not authorize remand" because it is the "joinder that is discretionary, not the remand." Id.

Based on this language, courts within the Ninth Circuit have interpreted joinder under section 1447(e) as "less restrictive" than the standard for joinder under Fed. R. Civ. P. 19. E.g., Sagrero v. Bergen Shippers Corp., No. 2:22-cv-04535, 2022 U.S. Dist. LEXIS 172887, at *6 (C.D. Cal. Sep. 23, 2022); Fortner Honey, Inc. v. Allianz Glob. Risks US Ins. Co., No. CV 22-13, 2022 U.S. Dist. LEXIS 179400, at *18 (D. Mont. Aug. 22, 2022) ("[C]ourts need not engage in a full joinder analysis under Fed. R. Civ. 19(a)).").

Because section 1447(e) does not "state the factors to be considered when making a determination of whether joinder should be permitted" where subject-matter jurisdiction would be destroyed, courts in the Ninth Circuit have applied the following multi-factor test[8] to this analysis. Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015), accord 3WL, LLC v. Master Prot., Ltd. P'ship, 851 F. App'x 4, 7 (9th Cir. 2021) (unpublished) (upholding district court's denial of joinder where the district court applied the following six-factor test).

Absent binding authority from the Ninth Circuit clarifying the standard to be applied under section 1447(e), this Court balances the following factors:

(1) whether the party sought to be joined is "needed for just

---

[8] At least one court declined to apply this multi-factor test on the grounds that these factors appear to have risen from a predated version of section 1447(e). Glaster v. Dollar Tree Stores, Inc., No. 2:15-cv-00252, 2016 U.S. Dist. LEXIS 4099, at *7 (D. Nev. Jan. 12, 2016). Nonetheless, the court in Glaster found that joinder was appropriate because a valid claim was stated, the amendment was sought early, and defendant was not likely to be prejudiced. Id. at *7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

adjudication" and would be joined under Fed. R. Civ. P. 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is sought solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice[9] the plaintiff.

IBC Aviation Servs v. Compania Mexicana De Aviacion, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); Clinco v. Roberts, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999); Cruz v. Bank of N.Y. Mellon, 12-CV-00846, 2012 U.S. Dist. LEXIS 95467, at *4 (N.D. Cal. July 10, 2012) ("Any of these factors might prove decisive, and none is an absolutely necessary condition for joinder." (internal quotation marks omitted)).

2. Joinder Under Rule 21

Alternatively, the Court could exercise discretion under Federal Rule of Civil Procedure 21 to retain jurisdiction. Rule 21 empowers a court to sua sponte "add or drop a party" who is dispensable. Fed. R. Civ. P. 21. Both section 1447(e) and Rule 21 affords a court "the same broad discretion in making the same underlying decision—whether to retain jurisdiction." Avenatti v. Fox News Network LLC, 41 F.4th 125, 131 (3d Cir. 2022). "Although § 1447(e) may not directly empower district courts to reject those [Rule 15(a)] amendments, Rule 21 gives courts discretion . . . to drop parties at any time, including when facing a motion to remand." Id. at 134–35. Other circuits have similarly concluded the same. Id. at 131 (collecting cases). But because Rule 21's express language refers to "dropping" a party who has already been added and is thus less applicable, the Court applies instead the section 1447(e) factors.

3. Balancing of Section 1447(e) Factors

---

[9] The Court's analysis herein under the first and second factors also addresses potential prejudice if joinder is denied. See supra pp. 12–13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

The balancing factors weigh against joinder of Calabrese, and therefore, remand is not mandatory.

### i.     Whether Calabrese Is a "Necessary Party"

Federal Rule of Civil Procedure 19(a) mandates the joinder of necessary parties. See Fed. R. Civ. P. 19(a).  A party is considered "necessary" if that party's (1) presence is necessary to ensure "complete" and consistent relief among existing parties or (2) interest would be impeded if the action proceeds without the absent party.  Fed. R. Civ. P. 19(a)(1).  The term "complete relief" in Rule 19(a) refers to relief between the named parties, not as between a named party and an absent person sought to be joined.  Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm., 662 F.2d 534, 537 (9th Cir. 1981). Defendants who "are only tangentially related to the cause of action or would not prevent complete relief" are not "necessary" parties.  IBC Aviation, 125 F. Supp. 2d at 1012.

Joinder is justified if the failure to join the absent party will lead to "separate and redundant actions."  Id. at 1011–12.  But the absentee party need not be joined simply because the absentee may cause future litigation.  See Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1046 (9th Cir. 1983) ("Speculation about the occurrence of a future event ordinarily does not render all parties potentially affected by that future event necessary or indispensable parties under Rule 19.").

Calabrese is not a necessary party because the doctrine of respondeat superior can afford the Garcias complete relief.[10]  Joinder of an employee is unnecessary for complete relief because an employer who is vicariously liable is "fully liable." Temple v. Synthes Corp., 498 U.S. 5, 7 (1990); Liepmann v. Camden Co., No. 19-7348, 2019 U.S. Dist. LEXIS 184472, at *2 (C.D. Cal. Oct. 22, 2019); Meggs v. NBCUniversal Media, LLC, No. 2:17-cv-03769, 2017 WL 2974916, at *5 (C.D. Cal. July 12, 2017); see Fed. R. Civ. P. 19(a) advisory committee's note to subdivision 1966 amendments.  And while

---

[10] Neither Boling Air Media Inc. v. Panalpina Inc., No. 119-cv-00084, 2019 WL 3798492, at *7 (E.D. Cal. Aug. 13, 2019) nor Santa Clara Valley Water District v. CH2M Hill, Inc. et al., No. 19-cv-08295, 2020 WL 4252677, at *4 (N.D. Cal. July 24, 2020) addresses whether the first named defendants would have been potentially liable under the doctrine of respondeat superior.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

Calabrese is the administrator at the facility and managed day-to-day operations, denying joinder would not require the Garcias to abandon any claims they have against Calabrese. They may file these claims in state court. See Sagrero v. Bergen Shippers Corp., No. 2:22-cv-04535, 2022 U.S. Dist. LEXIS 172887, at *7 (C.D. Cal. Sep. 23, 2022) (denying joinder of employee because plaintiff may still seek redress from absent employee defendants individually). Furthermore, the Garcias did not bring any additional claims against Calabrese in the FAC. Thus, denial of joinder would not prevent complete relief. See Baker v. Nutrien Ag Sols., Inc., No. 121-cv-01490, 2022 WL 3142065, at *4 (E.D. Cal. Aug. 5, 2022) (finding that the doctrine of respondeat superior made the employees' presence in the action unnecessary.)

Furthermore, under the doctrine of respondeat superior, Defendants would be liable for any of Calabrese's grossly negligent acts, so long as they arose within the scope of her employment.[11] See, e.g., KDME, Inc. v. Bucci, No. 05CV199, 2007 U.S. Dist. LEXIS 59810, at *15 (S.D. Cal. Aug. 14, 2007). Grossly negligent conduct involves even scant care or extremely departure from the ordinary standard of conduct. Chavez v. 24 Hour Fitness USA, Inc., 189 Cal. Rptr. 3d 449, 456 (Ct. App. 2015); City of Santa Barbara v. Superior Court, 161 P.3d 1095, 1099 (Cal. 2007). In California, an employer is responsible for the torts committed by an employee while acting within the scope of employment. Perez v. Van Groningen & Sons, 719 P.2d 676, 679 (Cal. 1986); Musgrove v. Silver, 82 Cal. App. 5th 694, 707–08 (2022); Randolph v. Budget Rent-A-Car, 97 F.3d 319, 327 (9th Cir. 1996). Even willful, malicious, intentional torts committed during the scope of employment are covered under this doctrine. See Crouch v. Trinity Christian Ctr. of Santa Ana, Inc., 253 Cal. Rptr. 3d 1, 19 (Ct. App. 2019); Rodgers v. Kemper Constr. Co., 124 Cal. Rptr. 143, 150 (Ct. App. 1975). There must be a causal connection

---

[11] At oral argument, the Garcias expressed concern that it may be discovered that Calabrese's level of misconduct exceeded the scope of her employment. However, Defendants have represented to the Court that they unequivocally waive such theory. They assured the Court that they would be fully financially responsible for Calabrese's acts. Defendants are therefore judicially estopped from asserting this defense. Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." Whaley v. Belleque, 520 F.3d 997, 1002 (9th Cir. 2008) (quoting Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir. 1996)). "Judicial estoppel is an equitable doctrine that is intended to protect the integrity of the judicial process by preventing a litigant from playing fast and loose with the courts." Whaley, 520 F.3d at 1002 (quoting Wagner v. Prof'l Eng'rs in Cal. Gov't, 354 F.3d 1036, 1044 (9th Cir. 2004)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

between the injury and employment and the foreseeability of the employee's conduct. Perez, 719 P.2d at 679 n.2; Randolph, 97 F.3d at 328.

This factor weighs against joinder, and in the Court's view, carries more weight than some of the other factors discussed below.

### ii. Whether the Statute of Limitations Would Preclude a Separate Action in State Court

Both parties agree that the statute of limitations would not prevent the Garcias from bringing a separate action in state court against Calabrese. If a statute of limitations does not bar a plaintiff from filing suit in state court, joinder is not necessary because the plaintiff "could still theoretically seek relief from state court." Vasquez v. Wells Fargo Bank, N.A., 77 F. Supp. 3d 911, 922 (N.D. Cal. 2015).

This factor disfavors joinder.

### iii. Whether the Delay in Joining Calabrese Is Unreasonable or Unexplained

A delay in adding a nondiverse party must not be unreasonable or unexplained. See Clinco, 41 F. Supp. 2d at 1083. Compare Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002) (delay of less than three months after original complaint and less than one moth of removal was reasonable); and Lara v. Bandit Indus., Inc., No. 2:12-cv-02459, 2013 WL 1155523, at *3 (E.D. Cal. March 19, 2013) (delay of five months after the initial complaint and three months after removal was reasonable given the parties had not filed dispositive motions), and Yang v. Swissport USA, Inc., No. 09-03823, 2010 WL 2680800, at *4 (N.D. Cal. 2010) (allowing amendment nine months after removal where "no dispositive motions have been filed, and the discovery completed thus far [would] be relevant whether the case is litigated in [federal] court or state court"), with Lopez v. Gen. Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983) (six-month delay after removal and just four days before summary judgment was "too late").

Here, despite having mentioned Calebrese in their original complaint (see Compl. ¶¶ 13, 20 Dkt. No. 1-1), the Garcias did not amend their complaint to name her as a party

Case 8:20-cv-02250-JVS-KES   Document 75   Filed 03/23/23   Page 15 of 16   Page ID #:1141

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

until nearly two months later. The Garcias explain that they originally intended to name Calabrese as a defendant but they mistakenly left her out. (Pl.'s Suppl. Br. in Supp. of Mot. 4, Dkt. No. 72.) The Court finds that any delay was not undue.

This factor weighs modestly in favor joinder.

### iv. Whether Joinder Was Improperly Motivated

Courts should look "with particular care at [plaintiff's] motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980). Because Calabrese was explicitly included in the original complaint's factual allegations but omitted as a named party, (Compl. ¶¶ 13, 20), the Court gives the benefit of doubt to the Garcias and finds that their amendment to officially name Calabrese as a named party was not improperly motivated.

This factor weighs in favor of joinder.

### v. Whether Garcias' Claims Against Calabrese Are Valid

"The existence of a facially legitimate claim" against the newly-added defendant weighs in favor of permitting joinder. Taylor v. Honeywell Corp., No. 09-4947, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010). Here, the FAC demonstrates a facially legitimate claim against Calabrese. It identifies Calabrese as the manager who directed the day-to-day activities of the facility and outlines her duty to ensure the facility complied with regulations. (FAC ¶¶ 5, 13–21.) Accordingly, she had direct authority and control over Sunrise's infectious control policies or denial of necessary services that led to Gilbert's wrongful death and injuries from elder abuse. (See id.)

This factor weighs in favor of joinder.

On balance, the Court concludes that the discretionary factors under § 1447(e) counsel against joinder of Calabrese. Accordingly, the Court retains diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02250-JVS(KESx) | Date | March 23, 2023 |
| Title | Gilbert Garcia, et al. v. Welltower OpCo Group, LLC et al. | | |

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion for remand.

**IT IS SO ORDERED.**